**WHITE et al., Appellants,**

v.

**FORD MOTOR COMPANY et al.; Grange Mutual Casualty Company, Appellee.**

[Cite as *White v. Ford Motor Co.* (2001), 142 Ohio App.3d 384.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 00AP–1046.

Decided April 24, 2001.

*Gonzales & Rowland, L.L.P.,* and *John M. Gonzales,* for appellants.

*Patrick F. Smith,* for appellee Grange Mutual Casualty Company.

PEGGY BRYANT, Presiding Judge.

Plaintiff-appellants, Ernest and Charlotte White, appeal from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Grange Mutual Casualty Company ("Grange"). Because the trial court properly granted Grange's summary judgment motion, we affirm.

The undisputed facts underlying plaintiffs' appeal indicate that on September 9, 1994, plaintiff Ernest White ("White") was involved in a single-vehicle collision that resulted in personal injury to White when the driver's side airbag did not deploy. At the time of the collision, White was operating a 1993 Ford Thunderbird, owned by his employer and insured by Grange.

Following the collision, Grange purchased the car from White's employer and took possession of it. Through conversations begun on September 20, 1994, plaintiffs' attorney and Grange agreed that the car would be preserved until plaintiffs' expert had an opportunity to inspect the car. After plaintiffs' expert examined the car, Grange sold the vehicle for salvage. Plaintiffs protested, contending that Grange was not to sell the car without first notifying plaintiffs.

As a result, on June 27, 1996, plaintiff and his wife, Charlotte White, filed a complaint against Ford Motor Company and Grange. Plaintiffs' allegations against Ford involved products liability claims concerning the failure of the airbag to deploy; plaintiffs' allegations against Grange involved intentional and willful spoliation of evidence arising out of Grange's sale of the vehicle White was driving at the time of the collision.

Following some discovery, plaintiffs dismissed with prejudice their action as to Ford. Grange ultimately filed a motion for summary judgment and, after the

parties fully briefed the motion, the trial court granted Grange's motion. Plaintiffs appeal, assigning three errors:

"I.   The trial court improperly granted summary judgment when there existed material facts with regard to the intentional destruction of evidence by Grange.

"II.   The trial court incorrectly determined that negligent destruction of evidence was not a recognized theory of legal liability in Ohio.

"III.   The trial court improperly granted summary judgment when material facts existed as to whether there existed a bailment, which could result in Grange's liability for destruction of the vehicle."

Preliminarily, in accordance with Civ.R. 56, a court must construe the evidence most strongly in favor of the nonmoving party; summary judgment should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. A motion for summary judgment first forces the moving party to inform the court of the basis of the motion and to identify portions in the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264. If the moving party makes that showing, the nonmoving party then must produce evidence on any issue for which the party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus (*Celotex v. Catrett* [1986], 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, approved and followed).

In *Smith v. Howard Johnson Co., Inc.* (1993), 67 Ohio St.3d 28, 615 N.E.2d 1037, the Ohio Supreme Court responded to a certified question from the United States District Court, Southern District of Ohio, Eastern Division, inquiring whether Ohio recognized a claim for intentional or negligent spoliation of evidence and/or tortious interference with prospective civil litigation, and if so, what were the elements of each such claim. In responding, the Ohio Supreme Court acknowledged that a cause of action exists in tort for interference with or destruction of evidence. According to the Supreme Court, the elements of the claim are "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts[.]" *Id.* at 29, 615 N.E.2d at 1038.

Plaintiffs' complaint alleges intentional spoliation of evidence against Grange. The trial court found no evidence that Grange had willfully destroyed the car

White was driving at the time of the collision. Plaintiffs' first assignment of error asserts that the trial court erred in so concluding.

The parties agree that after White's collision, Grange, through purchase, took possession of the vehicle White was driving at the time of the accident. Moreover, Grange communicated with plaintiffs' attorney regarding retention of the vehicle for purposes of examination by plaintiffs' expert witness. The parties, however, dispute the subsequent facts.

Specifically, Grange contends that it contacted plaintiffs' attorney after plaintiffs' expert inspected the car. Grange advised that, having purchased the vehicle from the owner, Grange intended to sell it for salvage. Because plaintiffs' attorney expressed an interest in buying the car, Grange advised in June 1995 that plaintiffs might wish to secure a salvage dealer to bid on the car when it was sold for salvage. According to Grange, its agent again advised plaintiffs' attorney in June 1995 about Grange's intent to proceed with sale at the end of July if no offer was forthcoming, and received no response. As a result, on July 27, 1995, Grange authorized the sale of the vehicle for salvage. While Grange usually moved cars out in sixty days, it held plaintiffs' car for nine months pursuant to requests from plaintiffs' counsel.

By contrast, plaintiffs rely on the testimony of George Sarap, who represented plaintiffs at one point in the litigation and testified in his deposition as follows:

"Okay. In all due respect to Mr. Vest, the conversation I remember is this. Sam had called me and discussed selling the vehicle, or the potential of selling it. You know, I don't know if he gave a deadline or whatever, and I said, 'Well, I have got to get my client and we have got to do something.' And, the gist of the conversation was, when Sam left it with me, was well, just sit tight and let's, you know, maybe we can keep it longer, okay? In other words, the gist of the conversation that Sam told me was that they were going to keep it longer they were not going to sell it. You know, I believe that I even told him you have got to tell me before they sell it and, when I left it with him, and I remember the conversation because, you know, I didn't take notes, and obviously you have my file, I didn't note this and I didn't note it because nothing bad happened because when I left it with him he said, 'Well, we will just hang on to it, just sit tight,' because if he would have told me that I would have immediately advised Ernie or sent a letter or done something to, you know, buy the car or at least let Ernie know he should buy the car."

Even construing the evidence in plaintiffs' favor, the record fails to demonstrate that Grange willfully destroyed the evidence. In a spoliation case, "willful" reflects an intentional and wrongful commission of the act. *Drawl v. Cornicelli* (1997), 124 Ohio App.3d 562, 706 N.E.2d 849. In *Drawl,* the court

relied on the Black's Law Dictionary definition of "willful," noting that "willful" necessarily contemplates more than mere negligence or failure to conform to standards of practice, but instead anticipates an intentional, wrongful act. Here, the evidence reflects a continuing dialogue between plaintiffs' attorney and Grange's representative, Sam Vest, concerning the status of the vehicle. Thus, even if Grange failed to notify plaintiffs' attorney of the actual, proposed date of sale, the evidence falls short of reflecting Grange's willful destruction of evidence. Indeed, after its sale as salvage, Grange located the car and advised plaintiffs' attorney where the vehicle was located, in its unchanged condition.

Because plaintiffs' evidence fails to demonstrate a genuine issue of material fact on whether Grange intentionally destroyed the vehicle, plaintiffs' first assignment of error is overruled.

Plaintiffs' second assignment of error contends that the trial court erred in failing to find a genuine issue of material fact regarding plaintiffs' claims of negligent spoliation of evidence. As the trial court noted, however, plaintiffs failed to plead a cause of action for negligent spoliation of evidence. Nonetheless, relying on *Tomas v. Nationwide Mut. Ins. Co.* (1992), 79 Ohio App.3d 624, 607 N.E.2d 944, plaintiffs contend that (1) a cause of action for negligent spoliation of evidence exists in Ohio, and (2) plaintiffs presented evidence creating a genuine issue of material fact.

*Tomas* states:

"[E]ven if we were to recognize a separate tort of negligent spoliation of evidence* (preventing pursuit of a prospective civil action), several factors absent here would be required. For example, it would be required to be demonstrated that an effort to pursue the separate civil action was unsuccessful because of the absence of the destroyed evidence or possibly, at the very least, that pursuit of such an action was rendered impossible because of the destruction of the evidence. Second, it would have to be proved that the evidence which was destroyed was of such a nature that it would have enabled the plaintiff successfully to pursue the separate civil action against the alleged original tortfeasor." (Emphasis added.) *Id.* at 631, 607 N.E.2d at 948.

*Tomas* falls short of establishing a cause of action for negligent spoliation of evidence. Moreover, *Tomas* was decided before *Howard Johnson, supra.* In *Howard Johnson,* the Supreme Court was asked whether a cause of action existed for either intentional or negligent spoliation of evidence, and found only a cause of action for intentional spoliation of evidence. Accordingly, plaintiffs' contentions under their second assignment of error are not well taken and are overruled.

Plaintiffs' third assignment of error asserts the trial court erred in failing to consider a bailment. Again, plaintiffs failed to plead a bailment in their complaint. Nonetheless, even if we consider the issue, the trial court did not err. As indicated in *Tomas,* one of the necessary elements to a bailment is the transfer of a possessory interest from one party to the other. Here, plaintiffs could not transfer a possessory interest in the automobile to Grange, because Grange had already purchased the vehicle from plaintiffs' employer, and thus was owner of the vehicle. As a result, no bailment arose and the trial court properly so concluded. Plaintiffs' third assignment of error is overruled.

Having overruled all three of plaintiffs' assigned errors, we affirm the judgment of the trial court.

*Judgment affirmed.*

BOWMAN and BROWN, JJ., concur.