OPINION
Plaintiff-appellant, James J. Barker, appeals from a decision of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Wal-Mart Stores, Inc., in plaintiff's slip and fall personal injury action.
On May 26, 1999, plaintiff was a customer in one of defendant's stores when plaintiff slipped and fell on a clear fluid that had spilled on the floor of an aisle in the automotive/camping department of the store. The fluid came from a bottle of recreational vehicle ("RV") wash that had cracked open, spilling the slippery fluid onto the floor. As a result of the fall, plaintiff contends he suffered a serious injury to his knee.
Plaintiff filed suit against defendant on June 22, 1999, claiming his injuries were a proximate result of defendant's negligent failure to remove or warn of the hazard created by the liquid of which defendant allegedly had knowledge or constructive notice. Plaintiff voluntarily dismissed the initial suit in order to have more time to complete discovery, and refiled his action against defendant on June 21, 2000. On November 10, 2000, defendant moved for summary judgment, and plaintiff responded on February 28, 2001. In a decision issued May 18, 2001, the trial court granted defendant's motion for summary judgment, from which plaintiff now appeals, assigning the following errors:
 I. THE TRIAL COURT COMMITTED ERROR WHEN IT FOUND THERE WERE NO GENUINE ISSUES OF MATERIAL FACT CONCERNING DEFENDANT'S ACTUAL KNOWLEDGE OF THE HAZARD OF CUSTOMERS KNOCKING OFF ITEMS FROM THE SHELF WHERE THE RV BOTTLE WAS LOCATED.
 II. THE TRIAL COURT COMMITTED EROR WHEN IT FOUND THAT THE EVIDENCE DID NOT PRESENT A GENUINE ISSUE OF FACT ON WHETHER THE SPILL HAD BEEN ON THE FLOOR A SUFFICIENT TIME TO CONSTITUTE CONSTRUCTIVE NOTICE TO DEFENDANT.
 III. THE TRIAL COURT COMMITTED ERROR WHEN IT FAILED TO SANCTION DEFENDANT FOR FAILING TO PRODUCE THE BOTTLE THAT CONTAINED THE RV WASH.
Because plaintiff's first two assignments of error are interrelated, we address them jointly. Together they assert the trial court erred in finding that no genuine issue of material fact existed regarding defendant's actual or constructive knowledge of the hazard and in granting summary judgment to defendant.
Summary judgment shall not be rendered unless the moving party demonstrates that (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, with the non-moving party being entitled to have the evidence construed most strongly in its favor. Civ.R. 56(C); State ex. rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183. To prevent an adverse summary judgment in a negligence action, the plaintiff must show the existence of a duty and sufficient evidence from which reasonable minds could infer a breach of duty and an injury proximately resulting therefrom. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,77. Appellate review of summary judgment motions is de novo. Motorists Mut. Ins. Co. v. Natl. Dairy Herd Improvement Assn., Inc. (2001),141 Ohio App.3d 269, 275. Accordingly, we stand in the shoes of the trial court and conduct an independent review of the record.
The parties agree that plaintiff was a business invitee of defendant. Store owners owe business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, citing Campbell v. Hughes Provision Co. (1950), 153 Ohio St. 9. The store's duty includes a duty to provide reasonably safe aisles for its customers. Dickerson v. Food World (Dec. 17, 1998), Franklin App. No. 98AP-287, unreported. However, a business owner is not an insurer of a customer's safety or against all types of accidents that may occur on its premises. Paschal, supra; Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584, 589. No presumption or inference of negligence arises from the mere happening of an accident or from the mere fact that an injury occurred. Dickerson, supra, citing Green v. Castronova (1966), 9 Ohio App.2d 156. See, also, J.C. Penny Co. v. Robison (1934), 128 Ohio St. 626, paragraph four of the syllabus (concluding the fact that a customer slipped and fell on a floor does not, standing alone, create an inference that the floor was unsafe; there must be testimony tending to show that some negligent act or omission of the business owner caused the customer to slip and fall).
In a slip-and-fall case such as this, the store is not liable for a customer's injuries unless the customer can show: (1) the store, through its officers or employees, placed the substance on the floor; (2) at least one of the store's officers or employees had actual knowledge of the presence of the substance and failed to remove it or warn the customer, or (3) the substance had been on the floor long enough that the store officers or employees should have known of its presence and removed it or warned the customer. Vernardakis v. Thriftway, Inc. (May 7, 1997), Hamilton App. No. C-960713, unreported. See, also, Anaple v. Standard Oil Co. (1955), 162 Ohio St. 537, paragraph one of the syllabus; Johnson, supra, paragraph three of the syllabus; Cooper v. Red Roof Inns, Inc. (Mar. 30, 2001), Franklin App. No. 00AP-876, unreported. Plaintiff does not claim that defendant created the hazard by placing the fluid on the floor. Rather, plaintiff asserts defendant had either actual or constructive knowledge of the presence of the fluid on the floor and negligently failed to remove it or warn plaintiff of its existence.
In opposition to defendant's motion for summary judgment, plaintiff presented deposition testimony from various employees of defendant. Mark Abbrano, the assistant manager of the store who was on duty at the time of plaintiff's accident, saw the liquid on the floor after plaintiff fell. He testified he did not know and "couldn't guess" how long the liquid was on the floor, but stated it was a busy night and judging by the nature of the spill, he assumed it had not been there long. Kevin Channel was a co-manager of the store at the time of plaintiff's accident. He testified he did not know what shelf the RV wash container was on, he had not seen RV wash spilled before or since plaintiff's accident, he did not know what caused it to fall, he had no "opinion as to how long the RV wash had been there on the floor" before plaintiff stepped into it, and he had no knowledge of anyone who would know how long the liquid was on the floor. (Channel dep. 22.)
David McCarty was the manager of the department where plaintiff's accident happened on May 26, 1999. McCarty testified one-half hour to an hour had elapsed since he had checked the aisle before plaintiff fell, no spilled fluid was on the floor at the time he checked, and he had no idea how long it had been on the floor before plaintiff fell. McCarty did not recall seeing any footprints or cart prints through the spilled liquid at the time of the accident. According to McCarty, the RV wash bottle was empty when he picked it up off the floor at the time of the accident. When asked to estimate how long it would have taken the RV wash to leak out of its plastic container, McCarty testified "it had a pretty decent crack in it so it probably wouldn't have taken very long * * * [m]aybe five minutes," but on further questioning he testified it could have happened in less than five minutes. (McCarty dep.16.)
McCarty stated he had no personal knowledge of how the RV wash bottle got on the floor, he had never seen that type of fluid spill before, and he never saw another container of RV wash leaking. McCarty suggested, however, that sleeping bags were stocked on the opposite side of the shelf and "occasionally if you push a sleeping bag in with very much force, it would sometimes knock things off these shelves," presumably referring to merchandise where the RV wash containers were stocked. (McCarty dep., 18, emphasis added.) McCarty clarified that while he had seen things fall off, he "never had an instance where anything broke." McCarty stated his belief that the crack in the RV wash bottle was probably caused by a fall, as opposed to someone stepping on it and causing the crack, because the bottle was too old and brittle "to be stepped on and only put a crack in it." (McCarty dep. 19-20.)
How long the RV wash fluid would have taken to spill out of the cracked bottle was unknown. When plaintiff requested that defendant produce the bottle on June 21, 2000, more than a year after plaintiff's accident, defendant could not locate the bottle. Greg DuBois, an engineer plaintiff retained, was unsuccessful in his attempts to replicate a crack in an RV wash bottle by dropping identical bottles of RV wash. He "was therefore, unable to render any opinion as to how long it would have taken for the contents of the bottle to spill out onto the floor." (DuBois affidavit.)
Plaintiff claims the hazard in this case is not the spill, but instead is merchandise being knocked off shelves and landing on the floor of the aisle in the store. Moreover, based on McCarty's testimony, plaintiff contends defendant had actual knowledge of that hazard. Lastly, plaintiff argues that whether customers trip over merchandise laying on the floor, or customers slip when the contents spill out, is irrelevant to determining actual knowledge. Thus plaintiff asserts the trier of fact here may infer an RV wash bottle was knocked off the shelf by someone looking at sleeping bags on the other side of the shelf, it cracked, and its contents spilled onto the floor. Plaintiff attempts to support his position with Vernardakis, arguing that defendant's knowledge that an item had fallen onto the floor in the past, which in Vernardakis was food spills from a salad bar, is sufficient to create a genuine issue of material fact of whether defendant knew of the hazard that the item would fall on the floor in this instance.
First, we disagree with plaintiff's contention that the "hazard" in this case is not the slippery, clear fluid that spilled from its container, but is any item that may fall upon the floor on which a customer could trip and fall. The uncontroverted facts in this case are that plaintiff slipped on the greasy, clear fluid, and did not trip on some other item lying in the aisle.
Secondly, Vernardakis is factually distinguishable. In Vernardakis, one of defendant's employees testified that "food regularly and routinely spilled from the salad bar onto the floor, that at least once a day someone would slip on items spilled from the salad bar, and that management was aware of this problem." Id. The court in Vernardakis found those facts sufficient to create a genuine issue of material fact on the issue of actual notice and its attendant duties. In this case, McCarty testified that "occasionally" a sleeping bag would be pushed in so far it would "sometimes" knock an item off the shelf on the opposite side; he did not testify it happened as a daily or regular occurrence. He did not testify that a fallen item had ever created a hazard or that anyone had ever slipped or fallen on such an item. Moreover, he testified any item that had fallen had never broken as a result of being knocked off a shelf, and he never saw an RV wash bottle fall, crack or leak before or after plaintiff's accident. The record reflects no evidence that, as in Vernardakis, items were being regularly knocked off the shelf, spilling, and then causing people to slip on a regular or reoccurring basis so as to result in defendant's actual knowledge of a hazardous condition. Plaintiff's reliance on Vernardakis is unavailing.
Similarly unavailing is plaintiff's reliance on Dent v. General Mills Restaurant (Sept. 16, 1997), Franklin App. No. 97APE05-606, unreported. In that case, the manager of the defendant restaurant acknowledged that the center of a concrete walkway where the plaintiff had fallen became discolored with a slippery build-up that could be created by people walking on it all day. Evidence was presented that approximately one thousand people visited the restaurant each day and the walkway was discolored when the plaintiff fell. This court found the evidence sufficient to create a material issue of fact of whether the build-up was sufficient to cause the fall and whether the defendant had constructive notice due to the discoloration. By contrast, plaintiff relies on Dent to support his position that defendant had actual knowledge of the hazardous condition. In any event, no evidence here suggested fluid spilled on a regular basis such that defendant had notice that a similar incident had occurred here.
In the final analysis, plaintiff has not presented evidence that a genuine issue of material fact exists about whether defendant had actual knowledge of the RV wash fluid on the floor before plaintiff fell. Plaintiff presented no evidence that anyone knew the fluid was on the floor before plaintiff fell, nor did he present any evidence, other than conjecture, of how the RV wash bottle got on the floor and cracked open, resulting in leakage of the slippery fluid onto the floor. See Cooper, supra, (concluding defendant did not demonstrate defendant's actual knowledge of hazard where there was no evidence that any of defendant's employees knew that clear liquid spots were on the floor before plaintiff slipped and fell); Kilburn v. Acme-Click (June 8, 1995), Cuyahoga App. No. 67752, unreported (determining no actual knowledge of hazard demonstrated where no evidence that, before plaintiff slipped on a piece of candle that had fallen from a display onto the floor, anyone saw the candle in the aisle or knew the length of time the candle was in the aisle before the plaintiff fell); Liebenauer v. Glassman, Inc. (Jan. 19, 1995), Cuyahoga App. No. 67690, unreported (concluding summary judgment appropriately granted for defendant where plaintiff presented no evidence that store employees had actual or constructive knowledge of a broken jar of salad dressing). The trial court correctly determined plaintiff presented no evidence that defendant had "actual knowledge" of the hazardous substance.
"If a plaintiff cannot show that a defendant had actual knowledge of an existent hazard, evidence as to the length of time the hazard had existed is necessary to support an inference that defendant had constructive notice." Presley v. Norwood (1973), 36 Ohio St.2d 29, 32; Kubiszak v. Rini's Supermarket (1991), 77 Ohio App.3d 679, 687; Cooper, supra. In order to support such an inference, evidence must be presented that is sufficient to indicate the hazard has existed for a sufficient time reasonably to justify the inference that the failure to warn against it or remove it was a breach of ordinary care. Presley, supra, following Johnson, supra.
Here, plaintiff failed to present any evidence of how long the hazardous fluid was on the floor before he fell, other than speculation by McCarty that it may have taken up to five minutes for the RV wash fluid to leak out of its container. Plaintiff's "expert" was unable to proffer an opinion in that regard because he was unable to duplicate the cracked RV wash bottle to see how long it would take the contents to spill out. Mere speculation or conjecture is insufficient as a matter of law to constitute proof that defendant committed a wrongful or negligent act. Louderback v. Big Bear Stores Co. (Oct. 2, 1996), Pike App. No. 96CA569, unreported, citing Westinghouse Electric Corp. v. Dolly Madison Leasing Furniture Corp. (1975), 42 Ohio St.2d 122, 126; Liebenauer, supra. Where no evidence shows how a slippery substance came to be on the floor or how long it had been there, a plaintiff cannot show that the store breached a duty of ordinary care. Sweet v. Big Bear Stores Co. (1952), 158 Ohio St. 256; Neal v. Kroger Co. (May 11, 1994), Scioto App. No. 93CA2167, unreported. See Cooper, supra, (concluding plaintiff presented no evidence that defendant had constructive knowledge of a hazard or breached the duty of ordinary care where plaintiff presented no evidence regarding the length of time a clear liquid substance had been on the floor before plaintiff slipped and fell in the substance); Cook v. Geyer's Market, Inc. (Oct. 17, 1995), Crawford App. No. 3-95-12, unreported (determining plaintiff did not show defendant had constructive knowledge of hazard of hamburger meat and blood on the floor; evidence of the length of time hamburger meat had been on the floor was deemed to be mere speculation and did not create an issue of fact where it was based solely on plaintiff's testimony regarding the color of the substance).
Accordingly, even when the evidence is viewed in a light most favorable to plaintiff, plaintiff has failed to present sufficient evidence to demonstrate a genuine issue of fact with respect to whether defendant had either actual or constructive notice of the RV wash fluid being on the floor of the store before plaintiff fell. Absent such notice, plaintiff has not shown that defendant had a duty to warn or to remove the hazard. Consequently, plaintiff presented insufficient evidence to demonstrate defendant breached a duty of care owed to plaintiff, and defendant was entitled to summary judgment as a matter of law. Plaintiff's first and second assignments of error are overruled.
In his third assignment of error, plaintiff asserts defendant's failure to produce the cracked RV wash bottle when plaintiff requested it warrants a discovery sanction that, at a minimum, denies summary judgment to defendant and allows the case to be decided by a jury. Plaintiff contends the cracked bottle is important to plaintiff's case: without the bottle and with the inconclusive results of engineer DuBois' testing on similar bottles, plaintiff is unable to prove how long the liquid would have taken to spill out of an RV wash bottle onto the floor. Moreover, without that information, plaintiff could not adequately address and defeat defendant's motion for summary judgment.
Just after plaintiff's slip and fall on May 26, 1999, several photographs were taken of the scene, including photographs of the RV wash bottle that clearly show a large crack in the bottle from which the parties agree the bottle's fluid spilled out onto the floor. The photographs were provided to plaintiff's counsel. Apparently in response to an informal request of plaintiff's counsel, defendant's counsel stated in a letter to plaintiff's counsel that the RV "fluid" had not been retained after the accident; nothing was mentioned about the bottle. With the refiled complaint filed on June 21, 2000, plaintiff sent defendant interrogatories that included plaintiff's first request to defendant to produce the actual bottle or container. In an answer on August 25, 2000 to the interrogatories, defendant responded that it did not know where the bottle was. In depositions held in January and February 2001, several of defendant's employees testified defendant's policy was to "bag and tag" evidence, and while the policy would have been followed in this instance to preserve the bottle as evidence, none of the employees knew where the bottle was. No one testified that it had been destroyed or discarded.
On February 28, 2001, plaintiff filed a memorandum contra defendant's motion for summary judgment and also moved for leave to file an amended complaint to add a claim of "interference or destruction of evidence," commonly referred to as spoliation of evidence. The pertinent allegations of the proposed amended complaint were as follows:
 9. Defendant collected the container, which held the liquid that spilled on the floor, and that Plaintiff slipped on and fell on May 26, 1999.
 10. Said container had a crack in it, which allowed the liquid to spill onto the floor.
 11. At the time Defendant collected said container, Defendant knew that litigation involving Plaintiff was probable and litigation was filed on June 22, 1999.
 12. Said cracked container was evidence for the purpose of disrupting Plaintiff's lawsuit.
13. Said destruction has disrupted Plaintiff's case.
 14. As a direct and proximate result of said disruption by Defendant, Plaintiff has been damaged by his inability to prove his underlying claim against Defendant his inability to pursue a claim against the manufacturer of the bottle and/or the product in the bottle, and resulting in stress and worry about said failure.
In his memorandum opposing summary judgment for defendant, plaintiff argued that defendant's alleged spoliation of the bottle as evidence warranted the imposition of sanctions against defendant. Plaintiff did not file a formal motion for sanctions on that basis.
In its May 18, 2001 decision, the trial court granted summary judgment for defendant and denied plaintiff's motion to add the spoliation claim. In denying plaintiff's motion, the court noted the amendment of plaintiff's complaint to add a spoliation claim was unwarranted where plaintiff's spoliation claim was not new, plaintiff had ample time to conduct discovery, and plaintiff sought the amendment a year and a half after plaintiff's complaint was originally filed and after two summary judgment motions had been filed against plaintiff. As to the merits of the amendment, the court noted that to state a claim for spoliation, a plaintiff must allege willful or intentional destruction of evidence because a cause of action of negligent spoliation of evidence is not recognized in Ohio. The trial court found that plaintiff did not allege the requisite intent. The court further found that, when the evidence is viewed in a light most favorable to plaintiff, it at best showed defendants do not have the bottle and do not know what happened to the bottle, which the court concluded does not show "willful destruction" to satisfy the intent for a spoliation claim in Ohio. The court did not address plaintiff's argument that sanctions were warranted on the basis of defendant's alleged spoliation of evidence.
As correctly noted by the trial court, Ohio does not recognize a cause of action for negligent spoliation of evidence. White v. Ford Motor Co. (2001), 142 Ohio App.3d 384, 388. To state a claim for spoliation of evidence, a plaintiff must allege "willful destruction of evidence by defendant designed to disrupt the plaintiff's case." White, supra, at 386, citing Smith v. Howard Johnson Co., Inc. (1993), 67 Ohio St.3d 28,29. (Emphasis added.) As this court stated in White, "`willful' reflects an intentional and wrongful commission of the act" and "contemplates more than mere negligence." Id. at 387-388, citing Drawl v Cornicelli (1997),124 Ohio App.3d 562. In this case, plaintiff neither alleged "willful destruction" of the RV wash bottle by defendant nor presented any evidence that defendant had willfully destroyed the evidence, even when the evidence is construed most strongly in plaintiff's favor. At most, plaintiff presented evidence that defendant does not have the bottle and does not know where the bottle is, and that is insufficient to support a claim for spoliation of evidence.
The impositions of sanctions for discovery violations is within the sound discretion of the court. Nakoff v. Fairview Gen. Hosp. (1996),75 Ohio St.3d 254, syllabus; City of Mason v. Rischar (Aug. 21, 1995), Warren App. No. CA94-08-072, unreported, citing State v. Harcourt (1988), 46 Ohio App.3d 52, 54. However, sanctions generally are not warranted where an adverse party's failure to provide discovery was not willful and no prejudice has been shown. In this case, plaintiff did not formally request that defendant produce the subject bottle until more than a year after plaintiff's slip and fall in defendant's store. In the absence of evidence that defendant intentionally failed to produce the cracked RV wash bottle on plaintiff's belated request, the trial court did not abuse its discretion in not imposing sanctions on defendant for its failure to produce the bottle, especially when the trial court's discretion arguably was never invoked because plaintiff did not formally move for sanctions. Accordingly, plaintiff's third assignment of error is overruled.
Having overruled all three of plaintiff's assigned errors, we affirm the judgment of the trial court.
Judgment affirmed.
PETREE and BROWN, JJ., concur.