Theresa OWCA, Plaintiff–Appellant,

v.

**FEDERAL INSURANCE COMPANY,**
**Defendant–Appellee.**

No. 02–3981.

United States Court of Appeals,
Sixth Circuit.

Jan. 27, 2004.

Michael Westerhaus, Strongsville, OH, for Plaintiff–Appellant.

Timothy John Fitzgerald, D. John Travis, Kenneth W. McCain, Gallagher, Sharp, Fulton & Norman, Cleveland, OH, for Defendant–Appellee.

Before KENNEDY, MARTIN, and MOORE, Circuit Judges.

KENNEDY, Judge.

Plaintiff appeals the district court's order granting summary judgment to Defendant. Plaintiff Owca argues that the district court erred when it found that her claim was barred by the release clause of her settlement agreement with Defendant. We affirm on other grounds.

## BACKGROUND

On July 17, 1998, the Medina County Court of Common Pleas confirmed the mortgage foreclosure sale of Plaintiff's house. On August 27, 1998, the Medina County Sheriff executed a "Writ of Possession" in favor of the purchaser of Plaintiff's house. According to the Writ, the Sheriff had to immediately place the new purchaser in full and peaceable possession of the house. Plaintiff alleges that in executing the Writ, the Sheriff and his agents damaged her personal property while removing it from the house and placing it on the lawn adjacent to the street.

Plaintiff filed a claim of loss under her homeowner's insurance policy with Defendant.[1] In connection with her claim, Plaintiff submitted to Defendant numerous photographs depicting the damage to her personal property. Plaintiff did not retain any copies and/or negatives of said photographs and asked that they be returned. Defendant transferred these photographs to its outside counsel, Ronald Rispo, for his use in investigating the claim and the examining of Plaintiff under oath. It asked that the photographs be returned to Plaintiff. After some negotiation. Defendant and Plaintiff eventually compromised and settled "any and all claims re: furniture removed from home" ("the release clause") for $60,000 ("Original Agreement").

Plaintiff then filed a separate lawsuit against the Sheriff, his agents and the purchaser of her house to recover for the damage caused to her personal property during the eviction ("Second Lawsuit). In an attempt to gather evidence for this lawsuit, Plaintiff requested that Defendant return the photographs she had earlier given to it. Defendant informed her that

---

1. Plaintiff originally demanded $1,000,000 as compensation for her damaged property. Plaintiff later amended her statement of loss to be $310,041.

it was no longer in the possession of the photographs and that Rispo destroyed them after 3 months in accordance with his office's document-retention policy. Plaintiff then dismissed her Second Lawsuit and initiated the present suit against Defendant for the value of her Second Lawsuit (i.e. what she would have been able to recover against the defendants in the Second Lawsuit). As her cause of action, Plaintiff alleged that Defendant breached (1) a bailment contract and (2) the Original Agreement, when it failed to return the photographs. The district court granted Defendant's Motion for Summary Judgment on the ground that Plaintiff's lawsuit was barred by the release clause accompanying the $60,000 settlement. The district court explained its decision on the grounds that Plaintiff was basing her claim on the damage "to her personal property during the eviction process" and not on the nominal value of the unreturned photographs. *Owca v. Fed. Ins. Co.*, No. 1:02CV550, slip op. at 6 (N.D.Ohio Aug. 2, 2002). Plaintiff timely appealed to this Court.

## STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo*. *Terry Barr Sales Agency, Inc. v. All–Lock Co.*, 96 F.3d 174, 178 (6th Cir.1996). In deciding a summary judgment motion, this court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We view the evidence and draw all "justifiable inferences" in the light most favorable to the non-movant. *Id.* Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the

moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment ..." *Anderson*, 477 U.S. at 247–48, 106 S.Ct. 2505 (emphasis in original). Mixed questions of law and fact are reviewed *de novo*. *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir.1999) (*en banc*).

## ANALYSIS

This is a diversity case removed by Defendant from the Court of Common Pleas Cuyahoga County. Ohio. A federal court, sitting in diversity, must apply the law of the state in which it sits. *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 506 (6th Cir.2003). Accordingly, we apply the Ohio law in this case. We find that Plaintiff would be unable to recover damages for the value of her lawsuit in light of two Ohio state court cases.

In 1992, the Ohio Court of Appeals decided a case very analogous to the present controversy.[2] *Tomas v. Nationwide Mut. Ins. Co.*, 79 Ohio App.3d 624, 607 N.E.2d 944 (1992). In *Tomas.* the plaintiff had an automobile accident. *Id.* at 946. Nationwide Mutual Insurance Company ("Nationwide"), her insurance company and one of the defendants in the case, caused the vehicle to be taken to Sims Brothers, an automobile salvage yard and the other defendant in the case. *Id.* "... Nationwide instructed Sims Brothers to preserve the automobile and hold it for settlement purposes." *Id.* Despite those specific instructions, Sims Brothers "immediately tore down and removed (and apparently sold) many of the front-end parts of the vehicle,

---

**2.** It appears that the lower court did not have the benefit of this case as neither party cited it in their appellate briefs.

including the steering and suspension mechanisms." *Id.* The plaintiff filed a lawsuit arguing that, "as a result of this destruction of crucial evidence, she was unable to maintain a claim for her personal injuries resulting from the crash in a products liability claim against the persons or entities responsible for such malfunction or defect." *Id.* The Court of Appeals found that the plaintiff established a *prima facie* case of bailment and a *prima facie* case of negligence against each defendant. *Id.* at 947. None of this mattered, however, as the *Tomas* court explained:

> Nevertheless, this case turns not upon whether or not there is evidence of a duty to plaintiff, nor even if there is a negligent failure to fulfill that duty, *since plaintiff does not seek to recover the difference in market value of the vehicle with and without the removed parts but, instead, seeks to recover claimed consequential damages, consisting of the damages she would have recovered from the tortfeasor,* who allegedly delivered defectively designed parts or negligently repaired the vehicle, causing the steering mechanism to malfunction, with plaintiff being unable to control the vehicle … Here, plaintiff seeks to have this court recognize what she terms a claim for negligent "spoliation of evidence" as a separate and distinct tort. A related tort, "intentional spoliation of evidence." is the subject of annotation in …

*Id.* (emphasis added). The *Tomas* court proceeded to explain the difference between negligent and intentional spoliation and found that it was unnecessary for it to decide whether or not either tort existed in Ohio since plaintiff failed to present any

evidence of prejudice as a result of the defendants' actions. *Id.* at 948.[3]

In 1993, the Supreme Court of Ohio, on a certified question from the Southern District of Ohio of whether Ohio recognizes "a claim for intentional or negligent spoliation of evidence." held that Ohio only recognizes a tort of intentional spoliation of evidence. *Smith v. Howard Johnson Co.,* 67 Ohio St.3d 28, 615 N.E.2d 1037, 1038 (1993). The *Smith* court listed the following elements of the tort of intentional spoliation:

> (1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of the defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of plaintiff's case, and (5) damages proximately caused by the defendant's acts.

*Id.* In 1997, the Ohio Court of Appeals clarified that the third element of " 'willfulness' contemplates not only an intentional commission of the act, but also a *wrongful* commission of the act." *Drawl v. Cornicelli,* 124 Ohio App.3d 562, 706 N.E.2d 849, 852 (1997).

In light of these cases, we draw the following conclusions about the instant case. First, Plaintiff can only recover damages for breach of bailment in the amount of the actual value of the photographs.[4] *Tomas,* 180 Ill.Dec. 556, 607 N.E.2d at 629. Second. Plaintiff can recover consequential damages for the value of the Second Lawsuit only if she can prove that Defendant, or Rispo, committed an intentional tort of spoliation of evidence. *White v. Ford Motor Co.,* 142 Ohio App.3d

---

**3.** Plaintiff in *Tomas* had amnesia, and as a result, had no recollection of the accident. *Tomas,* 607 N.E.2d at 948. The court found that there was no other "independent evidence of how the accident occurred." *Id.*

**4.** Conceded by both parties to be nominal.

384, 755 N.E.2d 954, 957 (2001) (noting that the *Smith* decision eliminated any doubt left after the *Tomas* case as to whether or not Ohio recognizes a claim for negligent spoliation). Third, Plaintiff cannot prove that a tort of intentional spoliation occurred because she presented no evidence of intentional wrongful conduct on the part of either Defendant or Rispo.

### CONCLUSION

For the reasons stated above, we find that Plaintiff cannot recover spoliation damages in the present case. The decision of the district court is affirmed.