[Cite as *Foradis v. Marc Glassman, Inc.*, 2016-Ohio-5235.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 103454

---

# ANGELA FORADIS, ET AL.

### PLAINTIFFS-APPELLANTS

vs.

# MARC GLASSMAN, INC.

### DEFENDANT-APPELLEE

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-820396

**BEFORE:** Celebrezze, J., E.A. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** August 4, 2016

**ATTORNEY FOR APPELLANTS**

Earl F. Ghaster
Kubyn & Ghaster
8373 Mentor Avenue
Mentor, Ohio 44060


**ATTORNEY FOR APPELLEE**

John C. Meros
Schulman, Schulman & Meros
55 Public Square
Suite 1055
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellants, Angela and Gus Foradis, appeal the grant of summary judgment in favor of Marc Glassman, Inc. ("Marc's"), disposing of the Foradises' premises liability complaint. The Foradises argue that the trial court committed prejudicial procedural errors when ruling on the motion for summary judgment and that there are genuine issues of material fact regarding the cause of Angela's slip and fall at a Marc's store in Willoughby Hills, Ohio. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} On July 5, 2010, Angela arrived at the Loehmann's Plaza Marc's location soon after opening. She was there shopping for produce and some toiletry items for her husband. Video surveillance cameras in the store captured a portion of her shopping trip that day. Angela can be seen in the video walking by the doors that separate the produce department from the produce warehouse. As she walks by, her right foot slides forward along the ground. As her right leg extends outward, her left knee comes down, striking the ground. Angela is helped up by a customer and a store employee. She can be seen walking over to a nearby line of crates and sitting while a customer talks to her. According to deposition testimony, Angela then leaves the store unassisted.

{¶3} Later that day, Angela goes to a nearby hospital and is diagnosed with fractures of her left knee and ankle, both requiring surgery.

**{¶4}** On January 17, 2014, the Foradises filed a complaint seeking to recover for injuries alleged to have occurred as a result of her fall. The case wound its way through discovery and several witnesses and store employees were deposed in this case. As a result of evidence produced in discovery, the Foradises sought to amend their complaint to add a spoliation of evidence claim. This was initially denied by the trial court, but later granted. When the court granted leave to file the amended complaint, it indicated that the pending dispositive motions were moot. After Marc's filed its answer, it filed new motions for summary judgment, one addressing Counts 1 and 2 of the complaint, and one addressing the newly added spoliation claim in Count 3. The Foradises sought to have Marc's motion regarding Counts 1 and 2 stricken for being different than the motion filed prior to the filing of the amended complaint. The Foradises also filed opposition to Marc's motion for summary judgment, but only addressed Count 3. The court issued an opinion granting summary judgment in favor of Marc's on all claims after the time for filing dispositive motions had passed, and one day after the court denied the motion to strike.

**{¶5}** The Foradises then filed the instant appeal assigning four errors for review:

I. The Trial Court erred to the prejudice of [the Foradises] by abusing its discretion in failing to strike the Motion for Summary Judgment on Counts One and Two of the Amended Complaint and in failing to provide Appellants the opportunity to file a brief in opposition to said motion after simultaneously denying the Motion to Strike.

II. The Trial Court erred to the prejudice of [the Foradises] by granting [Marc's] Motion for Summary Judgment on Count One of the Amended Complaint (Negligence) based upon its erroneous analysis in failing to

accept the facts set forth by the [the Foradises] pursuant to Rule 56 of the Ohio Rules of Civil Procedure.

III. The Trial Court erred to the prejudice of [the Foradises] by granting [Marc's] Motion for Summary Judgment on Count One (Negligence) of the Amended Complaint as genuine issues of material fact existed as to whether the spilt [sic] water that caused the subject incident was placed there by employees of [Marc's], so as to impose liability, and whether [Marc's] had constructive notice thereof.

IV. The Trial Court erred to the prejudice of [the Foradises] by granting [Marc's] Motion for Summary Judgment on Count Three (Spoliation of Evidence) as genuine issues of material fact exist as to whether [Marc's] employee engaged in intentional and wrongful conduct designed to disrupt [the Foradises'] case, as to impose liability.

## II. Law and Analysis

### A. Motion to Strike

{¶6} First, the Foradises claim that the court abused its discretion when it failed to strike Marc's motion for summary judgment addressing negligence and loss of consortium because it varied from the motion previously filed by adding additional arguments and evidence. Citing inapplicable case law, the Foradises claim that Marc's was required to file the same summary judgment motion or was prevented from adding new evidence or making new arguments.

{¶7} The Foradises claim that the trial court "abused its discretion by offering [Marc's] the opportunity to refine and rewrite its arguments and even add additional arguments and evidence, all of which were available at the time the original Reply Brief was filed." Appellant's brief at 21. The trial court did not do this. When the Foradises filed an amended complaint, the trial court ruled the pending dispositive motions were

moot. This meant the parties were free to file new dispositive motions in compliance with the court's new schedule. The Foradises rely on case law dealing with new arguments or evidence filed in a reply or supplemental motion for summary judgment. *E.g., Lawson v. Mahoning Cty. Mental Health Bd.*, 7th Dist. Mahoning No. 10 MA 23, 2010-Ohio-6389; *Smith v. Ray Esser & Sons, Inc.*, 9th Dist. Lorain No. 10CA009798, 2011-Ohio-1529. However, these cases are inapplicable to the present situation.

{¶8} The reasoning supporting limiting new arguments or evidence in a reply or supplemental brief in support of summary judgment is that the non-moving party does not have an adequate opportunity to respond under the Civil Rules of Ohio. *Ray Esser & Sons* at ¶ 15. Civ.R. 56(C) does not provide for the right to a surreply, leaving a party ambushed by new arguments in a reply brief with no opportunity to respond. This rationale is not implicated in this case because the Foradises had sufficient opportunity to respond in a brief in opposition. There is no case law or civil rule supporting the proposition that a party may not file a motion for summary judgment different from one previously filed that was deemed to be moot because a party filed an amended complaint. There is no surprise or prejudice in such a situation.

{¶9} The trial court did not abuse its discretion when it denied the Foradises' motion to strike as it was not based on any civil rule, local rule, or reasonable extension of a rule of law.

**{¶10}** The Foradises also argue in their first assignment of error that the trial court did not give them a meaningful opportunity to respond to Marc's motion for summary judgment.

**{¶11}** At a pretrial conference held on February 23, 2015, the trial court set a schedule for dispositive motions after it granted the Foradises leave to file an amended complaint. That schedule provided the parties with the opportunity to file dispositive motions by April 10, 2015. On that date, Marc's filed motions for summary judgment. By rule, the Foradises had 28 days to respond according to Civ.R. 56(C) and 30 days according to the trial court's local rules. Loc.R. 11 of the Court of Common Pleas of Cuyahoga County, General Division. In response, they filed a motion to strike and a brief in opposition addressing the newly added claim only. The trial court did not rule on these motions for some time. This gave the Foradises more time to file a response to Marc's motion on the other two claims. While it is only conjecture that the trial court would have accepted a brief in opposition outside of rule, what is not conjecture is that the Foradises never filed an opposition during the roughly four months that transpired before the trial court granted Marc's motions on August 3, 2015.

**{¶12}** The Tenth District Court of Appeals has held:

"[w]hen a party has moved for summary judgment at a time when that motion may only be filed by leave of court, see Civ.R. 56(A) and (B), the nonmoving party must preserve his or her rights by timely filing either a motion to strike or a response to the summary judgment motion." *Maple*

*Street Living Trust* [*v. Spada*, 9th Dist. Summit Nos. 20736 and 20737, 2002-Ohio-3173] ¶ 11. If the non-moving party chooses to file a timely motion to strike and the trial court then denies that motion, "the court must give the nonmoving party the opportunity to respond to the merits of the summary judgment motion." *Id*. Under these circumstances, the court concluded that "[c]learly, 'it would be unreasonable to require the nonmoving party to bear the expense of fully responding to an untimely motion for summary judgment when the court has not determined that it will even allow the motion.'" *Id*., quoting *Donovan* [*v. Mushkat,* 9th Dist. Summit No. 17262, 1995 Ohio App. LEXIS 5343 (Dec. 6, 1995)]. *Accord Capital One Bank v. Toney*, [7th Dist.] Jefferson No. 06 JE 28, 2007-Ohio-1571 (reversing summary judgment where trial court granted judgment four days after it granted leave to file motion instanter and stating that the court's action violated Civ.R. 56[C] and *Hooten* [*v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648]).

*Cheap Escape Co. v. Tri-State Constr., L.L.C.*, 173 Ohio App.3d 683, 2007-Ohio-6185, 880 N.E.2d 122, ¶ 33 (10th Dist.). There are a number of cases that apply this holding to motions filed where leave of court is required. *E.g., Baker v. Fish*, 9th Dist. Summit No. 19912, 2000 Ohio App. LEXIS 6248 (Dec. 6, 2000); *Maple St. Living Trust*; *Union Sav. Bank v. Schaefer*, 10th Dist Franklin No. 13AP-222, 2013-Ohio-5704.

**{¶13}** In the present case, Marc's motions were filed within the trial court's deadline, meaning leave of court was not required. The reasoning supporting the holdings in the cases previously discussed is not applicable here. Those court decisions provide as the justification that a party that files a motion to strike an untimely motion for summary judgment should not have to bear the expense of responding where the motion may not be accepted by the trial court.

**{¶14}** The Foradises did not respond in opposition to the motion for summary judgment regarding the first two counts of the complaint within four months. They were provided with a sufficient opportunity to respond and the failure to do so was entirely theirs. The first assignment of error is overruled.

## B. Summary Judgment

**{¶15}** In their second assignment of error, the Foradises claim the trial court misapplied the summary judgment standard when it ruled in favor of Marc's. They further argue in their third assignment of error that there are genuine issues of material fact precluding summary judgment as to their negligence claim. Finally, in their fourth assignment of error, they assert Marc's was not entitled to summary judgment in the spoliation claim.

### I. Summary Judgment Standard Applied

**{¶16}** Civ.R. 56(C) provides in part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits,

transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

**{¶17}** The inquiry in summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Grau v. Kleinschmidt*, 31 Ohio St.3d 84, 91, 509 N.E.2d 399 (1987).

**{¶18}** Under Civ.R. 56(C), the moving party must persuade the court that no genuine issue of material fact exists and is entitled to judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In response, nonmoving parties may not merely rely on the pleadings, but must produce evidence permitted by Civ.R. 56(C) sufficient to establish a material question of fact exists that precludes judgment as a matter of law. *Motes v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 97090, 2012-Ohio-928, ¶ 5.

> The non-moving party must produce more than a mere scintilla of evidence to support his claims. [*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202, (1986)]. Furthermore, if the moving party has demonstrated that the non-moving party's claim is factually implausible, then the non-moving party must produce more persuasive evidence to support his claim. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 [(1986)].

*Paul v. Uniroyal Plastics Co.*, 62 Ohio App.3d 277, 282, 575 N.E.2d 484 (6th Dist.1988).

This court reviews decisions on summary judgment de novo, independently reviewing the record and arriving at our own conclusions without deference to the trial court's decision. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶19} The Foradises claim that the trial court failed to review the evidence and record in a light most favorable to them as required by Civ.R. 56. They point to the fact that Angela's deposition established that a puddle of water existed on the floor that caused her to slip and fall and that the trial court discounted this testimony. However, a review of the record, evidence, and the trial court's written opinion does not indicate that the court misapplied the summary judgment standard.

{¶20} A review of the deposition testimony submitted to the trial court shows that Angela was the only person that affirmatively stated seeing a puddle of water on the floor near where she fell. All other deposed witnesses, including store employees and an independent bystander did not see this puddle. The video produced by Marc's in discovery does not evidence that anyone cleaned up any moisture on the floor after the fall and no one else is seen having difficulty traversing the area where Angela stated a puddle of water existed.

{¶21} The Foradises attempt to use Angela's deposition testimony to establish that a genuine issue of material fact exists for trial, i.e. the existence of water on the floor. However, that is not the only factor in a successful negligence action in premises liability. Such a cause of action requires a plaintiff to demonstrate more than the existence of a hazard. As the trial court recognized in its decision, Angela's deposition testimony, although entirely unsupported and contradicted by other deposition testimony including a third-party bystander, created the inference that a puddle of water existed. The trial court's decision states in part,

> On July 5, 2010 plaintiff Angela Foradis (Foradis) was a business invitee of defendant Marc Glassman Inc. (Marc's) in Loehmann's Plaza in Willoughby Hills, Ohio. While pushing her cart through the produce section, her right leg slipped and she hit her left knee and ankle on the floor. (Foradis depo. Pps. 23, 26.) Foradis was wearing flip flops at the time that she slipped. (Foradis depo. Pps. 53-54.) According to Foradis, she did not see anything on the floor prior to slipping, but when she stood up she saw water on the floor. (Foradis depo. Pps. 29; 32.) Foradis did not see anyone from Marc's spill the water, nor does she know how the water got there. In addition, Foradis does not know how long the water was on the floor before she fell or if anyone from Marc's knew about the water. (Foradis depo. Pps. 40; 42.) Contrary testimony from a current Marc's employee, Edward Kozelka, and from former employees, Alex Calarco and Andrea Oliver, as well as from a disinterested third party * * * is that there was no water on the floor in the location where Foradis slipped. (Kozelka depo. Pps. 37-38, 53; Calarco depo. Pps. 71-72; Oliver depo. Pps. 35-36; Mroz depo. Pps. 21-22; 46-47.)

{¶22} The trial court appropriately summarized the evidence and went on to set forth that the existence of a puddle of water on the floor was not the issue that the Foradises failed to demonstrate. The trial court, in setting forth its reason for granting summary judgment, acted as though that was a fact in dispute:

[Angela] Foradis has alleged but has failed to present any evidence that a Marc's employee had actual or constructive knowledge of the water on the floor. She denied having personal knowledge of any evidence of actual or constructive notice by an employee of Marc's in her deposition; and, in fact, there is no witness other than Foradis who saw water on the floor. Accordingly, Foradis cannot recover upon her cause of action for negligence in count one.

**{¶23}** Therefore, the trial court did not improperly apply the summary judgment standard. The second assignment of error is overruled.

### ii. Premises Liability and Loss of Consortium

**{¶24}** The parties agree in this case that Angela was a business invitee on the date in question. When that is the case,

> a business premises owner or occupier possesses the duty to exercise ordinary care in maintaining its premises in a reasonably safe condition, such that its business invitees will not unreasonably or unnecessarily be exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 203, 480 N.E.2d 474, 475. A premises owner or occupier is not, however, an insurer of its invitees' safety. *Id.*

*Asmis v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 82932, 2003-Ohio-6499, ¶ 24. "They 'must also inspect the premises to discover possible dangerous conditions of which [the owner or occupier] does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use.'" (Brackets sic.) *Accardi v. Speedway Superamerica LLC*, 8th Dist. Cuyahoga No. 87209,

2006-Ohio-3718, ¶ 11, quoting *Perry v. Eastgreen Realty Co.*, 53 Ohio St.2d 51, 52, 372

N.E.2d 335 (1978).

{¶25} In order to prevail, the Foradises must demonstrate,

"'1. That the defendant through its officers or employees was responsible for the hazard complained of; or

2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or

3. That such danger had existed for a sufficient length of time reasonably to

justify the inference that the failure to warn against it or remove it was

attributable to a want of ordinary care.'"

*Id.* at ¶ 26-31, quoting *Combs v. First Natl. Supermarkets, Inc.*, 105 Ohio App.3d 27, 29,

663 N.E.2d 669 (8th Dist.1995), quoting *Johnson v. Wagner Provision Co.*, 141 Ohio St.

584, 589, 49 N.E.2d 925 (1943).

{¶26} Here, there is no evidence that Marc's employees knew of the existence of

any water on the floor, caused that water to be present, or failed to take corrective action

to remedy a puddle of water within a reasonable amount of time.  The Foradises attempt

to establish a negligence claim by asserting the possibility that water dripped from one of

the produce carts that were in the area or were used earlier to move produce from the

warehouse to the shopping section of the store.  They attempted to assert that melting ice

from produce boxes was the likely culprit.  But no such evidence exists, and it is pure

speculation that such an event caused a puddle of water to accumulate on the floor outside

of the produce warehouse doors.  Marc's went to great lengths to demonstrate that only a

few types of produce, broccoli rapini and broccoli crowns, were shipped with ice. Matt Kellums, a Marc's store employee, testified that the Marc's store in question did not receive a shipment of rapini or crowns on July 1, 2, 3, or 4, or the day of Angela's fall on July 5, 2010. While identifying the source of a puddle of water on the floor is not necessary in every case, there has to be some evidence, or the existence of a reasonable inference from which a finder of fact could derive liability. *See Motes*, 8th Dist. Cuyahoga No. 97090, 2012-Ohio-928, at ¶ 17-23.

**{¶27}** As the trial court found, the Foradises have failed to come forward with evidence to rebut that produced by Marc's that would establish a genuine issue of material fact for trial. The trial court properly applied the summary judgment standard to arrive at a conclusion shared by this court. That is, there are no genuine issues of material fact precluding judgment as a matter of law in favor of Marc's. As the loss of consortium claim is dependent on the negligence claim, it necessarily fails as a result. The third assignment of error is overruled.

### iii. Spoliation of Evidence

**{¶28}** The Foradises finally claim in their fourth assignment of error that the trial court erred in granting summary judgment in their claim for spoliation of evidence. This claim rests on the fact that a Marc's employee did not preserve video surveillance footage for a sufficient length of time prior to Angela's fall.

{¶29} A plaintiff is under a duty to preserve evidence that it knows or reasonably should know is relevant to an action. The elements necessary to show a breach of that duty in Ohio are:

(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately cause by the defendant's acts.

*Smith v. Howard Johnson Co., Inc.*, 67 Ohio St.3d 28, 29, 615 N.E.2d 1037 (1993). Ohio requires willful or purposeful destruction of evidence. *White v. Ford Motor Co.*, 142 Ohio App.3d 384, 387, 755 N.E.2d 954 (10th Dist.2001). "[W]illful necessarily contemplates more than mere negligence or failure to conform to standards of practice, but instead anticipates an intentional, wrongful act." *Id*. at 388.

{¶30} First, Marc's asserts that at the time of the accident, litigation was not reasonably foreseeable. Following the incident, Angela left the store on her own, without assistance, and didn't indicate she required medical attention or intended to sue. Despite this, video of Angela's fall was preserved pursuant to Marc's internal policies.

{¶31} Marc's has a policy in place to retrieve video surveillance footage and preserve it as part of their loss prevention policy. Michael Santarelli, District Loss Prevention Manager for Marc's, testified that he followed this policy when he went to the store in question a few days after the reported fall and preserved video prior to and after

the fall. He did this by transferring the digital video recording from the store security system to a disk. The footage not transferred was overwritten as is standard industry practice with video systems. The Foradises claim that Santarelli should have preserved all the video recorded by that particular camera that morning leading up to the fall.

{¶32} The video of Angela's fall was preserved. Further, Santarelli testified other than hearing that someone fell, he did not receive any information about the situation prior to reviewing the video. He did not review footage of the accident area prior to around the time of fall. He therefore, did not intentionally delete footage that showed Marc's or its employees were negligent. There was no intentional, willful destruction of relevant evidence. Santarelli preserved the video evidence of the fall and everyone walking around the scene of the accident immediately after.

{¶33} In response, the Foradises have not produced anything to rebut the deposition testimony and lack of awareness of pending litigation. Therefore, there is no genuine issue of material fact that Marc's and its employees did not willfully destroy evidence. The fourth assignment of error is overruled.

### III.  Conclusion

{¶34} The trial court did not err in denying the Foradises' motion to strike. The trial court also correctly determined that the Foradises failed to rebut the evidence produced by Marc's that demonstrated that the Foradises could not set forth a successful claim for negligence, loss of consortium, and spoliation of evidence. This court's independent review of the record leads to the same conclusion.

**{¶35}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

EILEEN A. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR