CHEAP ESCAPE COMPANY, INC., Appellee,

v.

TRI–STATE CONSTRUCTION, L.L.C. et al., Appellants.

[Cite as *Cheap Escape Co., Inc. v. Tri–State Constr., L.L.C.*, 173 Ohio App.3d 683, 2007-Ohio-6185.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 07AP–335.

Decided Nov. 20, 2007.

William L. Summers & Co., L.P.A., and William L. Summers, for appellants.

---

FRENCH, Judge.

{¶ 1} Defendants-appellants, William W. Bridge III ("Bridge") and Tri–State Construction, L.L.C. ("Tri–State") (collectively, "appellants"), doing business as Forever Dry, appeal the judgment of the Franklin County Municipal Court, which rendered judgment against appellants in favor of plaintiff-appellee, The Cheap Escape Company, Inc., doing business as JB Dollar Stretcher, on appellee's breach-of-contract claim.

{¶ 2} On February 14, 2006, appellee filed a breach-of-contract complaint in the municipal court alleging that appellants owed $5,985 plus interest for advertising services that appellee performed pursuant to contract. Appellee attached to the complaint two contracts, one dated March 2005 and one May 2005. Both contracts specified an agreement for appellee to include advertisements for appellants in a series of appellee's advertising publications. In the contracts, appellants agreed to pay appellee $1,995 per issue for the advertising services. Additionally, in the contracts, the parties agreed that "venue for litigation purposes will be in the Franklin County Municipal Court or Franklin County Common Pleas."

{¶ 3} The March 2005 contract identified appellee's corporate and billing office as located in Richfield, Ohio, a city in Summit County. The contract listed the advertisement purchaser as William Bridge, with an address in Novelty, Ohio, which is in Geauga County. The contract listed the purchaser's company as Forever Dry, affiliated with Tri–State Construction, with an address of 22 Electric Avenue, Westerville, Ohio, which is in Franklin County. The contract listed the advertising agreement for the market area of Columbus, Ohio, a city in

Franklin County. The agreement covered Issues 3, 4, 5, and 6 for publication in 2005.

{¶ 4} The May 2005 contract also identified appellee's Summit County address and listed the purchaser as William Bridge with the Novelty, Ohio address. The contract listed the purchaser's company as Tri–State Construction with the company address in Novelty, Ohio. The contract listed the advertising agreement for particular locations in the market area of Cleveland, Ohio, a city in Cuyahoga County, and the contract covered Issues 5 and 6 for publication in the Cleveland market. The contract also stated: "This contract cancels prior contract dated 3/1/05 for issues 5 & 6 for the Columbus market." In addition, the contract contained a printed line, dated "May 19, 2005," from "JB Columbus * * * Fax No. 614[-]436[-]2828," which, as noted below, is a fax number to appellee's regional Columbus, Ohio office in Franklin County. Moreover, the contract identified appellee's representative as Sheila Agan, who, as noted below, is associated with the Franklin County office.

{¶ 5} In July 2006, Bridge filed a motion for summary judgment for reasons not pertinent to this appeal. Bridge attached to his summary judgment motion affidavits that indicated that appellee, through its Franklin County office, faxed the May 2005 contract form to the business offices of Tri–State.

{¶ 6} The trial court denied Bridge's summary judgment motion, and appellee filed a motion for summary judgment on November 21, 2006. On November 30, 2006, appellants filed a motion to dismiss appellee's complaint for lack of subject-matter jurisdiction. Appellants claimed that the May 2005 contract, which concerned the Cleveland market, cancelled the March 2005 contract, which concerned the Columbus market.

{¶ 7} On December 20, 2006, the municipal court denied appellants' motion to dismiss. The municipal court concluded:

[Appellee] alleges that $5,985.00 remains due and owing plus interest. This is precisely the type of action which R.C. 1901.18(A)(3) and 1901.17 cover. This municipal court has subject matter jurisdiction.

* * * [T]he parties contracted that the proper venue for disputes would be the Franklin County Municipal and Common Pleas Courts. * * *

In addition, the court notes that defendants' motion for lack of subject matter jurisdiction is waived pursuant to Civ.R. 12(H). The defendants were required to assert their claim for lack of jurisdiction over the subject matter or improper venue in their responsive pleading or by motion prior to making a responsive pleading. Civ.R. 12(B).

{¶ 8} In the same December 20, 2006 entry, the municipal court granted appellee's summary judgment motion and found appellants in breach of contract.

The municipal court also concluded that the "only dispute that remains in this case is the monies owed to [appellee]." Thus, the court scheduled a damages hearing.

{¶ 9} However, on December 26, 2006, the court struck its December 20, 2006 judgment entry from the record and "set aside" its summary judgment ruling. The court stated that it had "conducted a further review of the pleadings and affidavits" and found that appellee's "affidavits provide[d] insufficient information on the contracts at issue to grant summary judgment." The court then granted the parties "leave to file summary judgment and all other dispositive motions by February 1, 2007."

{¶ 10} Appellee filed another summary judgment motion on March 7, 2007, and indicated that it served appellants with the motion on March 6, 2007. Appellee stated: "[T]he advertisement in Issue 3 [referenced in the March 2005 contract] has been paid and is not part of [appellee's] claim." Appellee also stated that the May 2005 contract cancelled the March 2005 contract in regards to Issues 5 and 6 for the Columbus market. In addition, appellee attached to the summary judgment motion an affidavit from Jim Rynes, appellee's credit manager. In the affidavit, appellee states:

3. On March 1, 2005, [appellee] and [appellants] entered into a written contract. * * *

4. According to the terms set forth in the March 1, 2005 Contract, the Issue 4 ad was approved, the ad was printed in Issue 4, and Issue 4 was mailed to the selected market.

5. To date, [appellants] have failed to pay for the Issue 4 ad. * * *

6. On May 18, 2005, [appellee] and [appellants] entered into a written contract. * * *

7. According to the terms set forth in the May 18, 2005 Contract, the Issue 5 ad was approved, the ad was printed in Issue 5, and Issue 5 was mailed to the selected market.

8. To date, [appellants] have failed to pay for the Issue 5 ad. * * *
* * *

10. According to the terms set forth in the May 18, 2005 Contract, [an] ad was printed in Issue 6, and Issue 6 was mailed to the selected market[.]

11. To date, [appellants] have failed to pay for the Issue 6 ad. * * *

12. [Appellants] owe [appellee] the principal sum of $5,985.00 plus interest at the rate of 24% per annum from July 7, 2005. Despite demand to do so, [appellants] have failed to pay [appellee.]

{¶ 11} Appellee attached to its summary judgment motion a note referring to appellee's advertisement representative "Sheila" with the fax number 614–436–

2828. Appellee also attached a letter from Jim Rynes to Bridge. The letter was on appellee's letterhead; the letterhead identified appellee's corporate and billing headquarters as located in Summit County, and the letterhead identified appellee's regional offices, including the regional office in Columbus, Ohio, Franklin County, with the above fax number. Lastly, appellee attached to its summary judgment motion parts of its advertising publication. The attachments indicated that (1) Issue 4 was to be sent on May 11–12, 2005, (2) Issue 5 was to be sent on June 1–2, 2005, and (3) Issue 6 was to be sent on July 6–7, 2005.

{¶ 12} Thereafter, appellants filed a motion to strike appellee's March 7, 2007 summary judgment motion. Appellants argued that the motion was untimely because the court had set a February 1, 2007 deadline for summary judgment motions. In response, on March 27, 2007, appellee sought leave to file the summary judgment motion "instanter." On March 28, 2007, the court granted appellee leave to file the summary judgment motion.

{¶ 13} Two days later, on March 30, 2007, the court granted appellee's summary judgment motion. The court concluded:

On March 1, 2005, [appellee] and [appellants] entered into a written contract whereby [appellee] agreed to run four color ads throughout the Columbus metropolitan area in its advertising magazine and [appellants] agreed to pay $1,995 per issue for a total of $7,980. * * *

Thereafter, [appellee] alleges that it did run [appellants'] ad in its April issues. The parties have stipulated that [appellant] paid for that ad and it is, therefore, not part of this lawsuit. On May 18, 2005 the parties signed a new agreement cancelling out the March 1st agreement as to Issues 5 and 6 (the May and July issues). * * * The price for each ad remained the same * * *. According to the Rynes Affidavit, [appellants] approved the advertisement for Issue 5 and the advertisement was mailed to the selected market. [Appellee] alleges that [appellants] failed to pay for the advertisement in Issue 5.

* * *

[Appellee] alleges that it did publish [appellants'] ad in Issue 6 * * *. [Appellants] did not pay for the ad as ran in the 6th issue.

* * *

* * * [Appellee] has shown the existence of a valid debt owed by [appellants] in the amount of $3,990.

[Appellants], having failed to submit a Memorandum Contra [appellee's summary judgment motion], have not satisfied their reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is no genuine issue for trial. * * *

* * * As a result, there is presently due and owing to [appellee] the sum of $3,990, plus 24% interest per annum * * *.

In short, the court found appellants in breach of the May 2005 contract, which covered Issues 5 and 6, but the court did not find appellants in breach of the March 2005 contract, which included Issue 4.

{¶ 14} Appellants filed a timely appeal, and they raise three assignments of error:

First Assignment of Error: the municipal court lacked subject matter jurisdiction.

Second Assignment of Error: the municipal court erred by denying appellants the opportunity to respond to appellees' summary judgment motion.

Third Assignment of Error: the municipal court erred by ignoring the plain language of appellees' contracts and the other documents filed in the case in granting summary judgment.

Appellee did not file a cross-appeal on the trial court's decision not to find appellants in breach of the March 2005 contract.

{¶ 15} Initially, we note that appellants violated Loc.R. 7(E) of the Tenth District Court of Appeals by failing to attach to their brief's appendix a copy of the judgment entry from which they are appealing. Generally, Loc.R. 9(E) of the Tenth District Court of Appeals allows us to dismiss an appeal when an appellant has failed to comply with the rules of this court. However, in the interest of justice, we will entertain appellants' appeal notwithstanding their noncompliance with Loc.R. 7(E).

{¶ 16} We also note that appellee did not file a brief. App.R. 18(C) provides:

If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended * * * the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.

However, we may still consider the record in resolving appellants' assignments of error. See *Cervellino v. Tingler,* Summit App. No. 20944, 2002-Ohio-3036, 2002 WL 1363708, at ¶ 22.

{¶ 17} We turn now to the merits of this appeal. In their first assignment of error, appellants argue that the court lacked subject-matter jurisdiction to entertain appellee's lawsuit. We disagree.

{¶ 18} Subject-matter jurisdiction refers to a court's power to adjudicate the merits of a case. *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, at ¶ 11. The issue of subject-matter jurisdiction is open to

challenge at any time because subject-matter jurisdiction is a condition precedent to a court's ability to hear a case. Id. If a court acts without subject-matter jurisdiction, then any proclamation by that court is void. Id. We review de novo the issue of subject-matter jurisdiction without any deference to the municipal court's determination. *In re Protest Against Jerome Twp. Zoning Referendum Petition on New California Woods,* 162 Ohio App.3d 712, 2005-Ohio-4189, 834 N.E.2d 873, at ¶ 8.

{¶ 19} Here, appellants originally asked the court to dismiss appellee's lawsuit for lack of subject-matter jurisdiction. The court denied the motion in its December 20, 2006 entry, but the court later struck that entry from the record. Although the court made no further mention of appellants' motion to dismiss for lack of subject-matter jurisdiction, we determine that the court impliedly denied the motion when it eventually disposed of appellee's lawsuit. See *Scott v. Scott,* Franklin App. No. 03AP–411, 2004-Ohio-1405, 2004 WL 557316, at ¶ 27.

{¶ 20} We begin with the principle that Ohio municipal courts can exercise only such powers as statutes confer upon them. *State ex rel. Foreman v. Bellefontaine Mun. Court* (1967), 12 Ohio St.2d 26, 27, 41 O.O.2d 159, 231 N.E.2d 70. As pertinent here, R.C. 1901.18(A)(3) provides that "subject to the monetary jurisdiction of municipal courts * * *, a municipal court has original jurisdiction within its territory in * * * any action at law based on contract." R.C. 1901.02 grants the Franklin County Municipal Court territorial jurisdiction within Franklin County and "within the corporate limits of [its] respective municipal corporations." " 'Within a municipal corporation' includes all land within the territorial boundaries of the municipal corporation and any townships that are coextensive with the municipal corporation." R.C. 1901.02(C)(2).

{¶ 21} In *Cheap Escape Co., Inc. v. Haddox, L.L.C.,* Franklin App. No. 06AP–1107, 2007-Ohio-4410, 2007 WL 2421814, this court examined the Franklin County Municipal Court's jurisdiction under R.C. 1901.18(A)(3) on a nonrelated breach-of-contract claim that appellee filed in regards to advertisement agreements with another entity. We held that "jurisdiction within its territory" as used in R.C. 1901.18(A)(3) refers to a municipal court's subject-matter jurisdiction. *Cheap Escape* at ¶ 25. As a result, we held that a municipal court's subject-matter jurisdiction is limited "to those enumerated events occurring within the court's geographical boundary defined under R.C. 1901.02." Id.

{¶ 22} We then noted that the parties' agreement concerned advertisements in the Canton and Akron markets, which are areas outside of Franklin County. *Cheap Escape* at ¶ 2. Thus, we concluded that the Franklin County Municipal Court lacked subject-matter jurisdiction to entertain the breach-of-contract claim because "not one event giving rise to [the] breach of contract claim occurred

within the territorial jurisdiction of the Franklin County Municipal Court." Id. at ¶ 34.

{¶ 23} In so concluding, we found irrelevant that the parties' agreement contained a "forum selection clause stating 'Purchaser and Publisher both agree that in the event either party is in non-compliance with any provision of Agreement, the proper venue for litigation purposes will be in the Franklin County Municipal Court or Franklin County Common Pleas.'" Id. at ¶ 2. We stated that "the question of venue is one of convenience and asks in which court, among all of those with jurisdiction, [is] best [to] bring a claim." Id. at ¶ 11, citing *State v. Kremer,* Van Wert App. No. 15–05–05, 2006-Ohio-736, 2006 WL 389617, at ¶ 6. We indicated that, unlike venue, subject-matter jurisdiction can never be waived or forfeited by stipulation or agreement. Id. at ¶ 10–11.

{¶ 24} Applying *Cheap Escape* here, we likewise conclude that the parties' venue-selection clause did not confer subject-matter jurisdiction on the municipal court. Id. at ¶ 10–11. However, we must consider whether the events giving rise to appellee's claims did confer such jurisdiction.

{¶ 25} Appellee's lawsuit is based, in part, on the May 2005 contract. The contract identified the location of the purchaser and the purchaser's company as Geauga County. The contract listed appellee, the publisher, as having its corporate and billing office in Summit County. The contract involved advertisements for appellants in the Cleveland market.

{¶ 26} However, in contrast to the facts at issue in *Cheap Escape*, the record here connects the May 2005 contract to Franklin County. Specifically, the record establishes that appellants negotiated the contract with personnel in appellee's Franklin County office. In particular, the May 2005 contract attached to appellee's complaint contained a printed line from "JB Columbus * * * Fax No. 614[-]436[-]2828," a fax number linked to appellee's Franklin County office. In addition, the contract identified appellee's representative as Sheila Agan, who, based on the record, is associated with the above-noted fax number. Likewise, the record establishes that appellee, through its Franklin County office, faxed the May 2005 contract to appellants' office.

{¶ 27} Accordingly, based on our review of the record, we conclude that the May 2005 contract culminated from "enumerated events" occurring within Franklin County, which is within the Franklin County Municipal Court's geographical boundary. Thus, the trial court had subject-matter jurisdiction over appellee's claim involving that contract. See *Cheap Escape* at ¶ 25, 34. Therefore, the trial court's judgment involving the May 2005 contract is not void. *Pratts* at ¶ 11; *Cheap Escape* at ¶ 34.

{¶ 28} We next address whether the court had subject-matter jurisdiction over appellee's claim concerning the parties' March 2005 contract. On

appeal, and below, appellants have contended that the May 2005 contract cancelled the March 2005 contract in its entirety. However, a review of the language in the May 2005 contract suggests otherwise. See *Shifrin v. Forest City Ent., Inc.* (1992), 64 Ohio St.3d 635, 638, 597 N.E.2d 499 (stating that courts generally presume that the parties' intent is reflected in the language they choose to employ in the contract). Here, the May 2005 contract specified that that contract only superseded the portion of the March 2005 contract that concerned Issues 5 and 6 for the Columbus market. The May 2005 contract did not state that it cancelled the March 2005 contract in regards to Issues 3 and 4. Indeed, the record establishes that appellee published advertisements for appellants in Issues 3 and 4. Thus, we conclude that the parties' May 2005 contract did not cancel the March 2005 contract in its entirety and that the first contract still remained in effect for Issues 3 and 4.

{¶ 29} We also conclude that appellee's claim on the March 2005 contract culminated from "enumerated events" occurring within Franklin County. In particular, the contract concerned advertisements for appellants in the Columbus market. Accordingly, we conclude that the court had subject-matter jurisdiction over appellee's claim with respect to the March 2005 contract. See *Cheap Escape* at ¶ 25, 34. Therefore, the court's judgment regarding the March 2005 contract is not void. *Pratts* at ¶ 11; *Cheap Escape* at ¶ 34. Having concluded that the court had subject-matter jurisdiction to address appellee's claims as to both contracts, we overrule appellants' first assignment of error.

{¶ 30} In their second assignment of error, appellants contend that the court erred by ruling on appellee's March 2007 summary judgment motion without giving appellants an opportunity to respond to the merits of the motion. Before ruling on a summary judgment motion, a court must allow time for a full and fair response from the nonmoving party. *Hooten v. Safe Auto Ins. Co.,* 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, at ¶ 40. Generally, a court's local rules may set the time for a nonmoving party to provide a full and fair response to a summary judgment motion. See *Hooten* at ¶ 33. Here, Loc.R. 3.04 of the Franklin County Municipal Court ("Rule 3.04") states that "[a]ll parties wishing to respond in writing to a motion shall do so * * * not later than the fourteenth day following service of the motion upon the responding party." See, also, commentary to Rule 3.04 (stating that "[a]ll motions for summary judgment filed pursuant to Civil Rule 56 are hereby set for non-oral hearing on the fifteenth day following service of the motion upon the responding party. The adverse party shall serve and file opposing affidavits and memorandum prior to the day set for non-oral hearing").

{¶ 31} The trial court decided appellee's March 2007 summary judgment motion two days after the court granted appellee leave to file the motion. The

court may have concluded that appellants missed their opportunity to respond to the merits of the summary judgment motion because appellants did not respond within 14 days after service of the summary judgment motion. We conclude, however, that appellants' response to appellee's motion for summary judgment did not become due until 14 days after the court granted leave for appellee to file the motion instanter.

{¶ 32} In this respect, we express our agreement with the reasoning the Ninth District Court of Appeals adopted in *Donovan v. Mushkat* (Dec. 6, 1995), Summit App. No. 17262, 1995 WL 712352; *Baker v. Fish* (Dec. 6, 2000), Summit App. No. 19912, 2000 WL 1783577; and, most recently, *Maple Street Living Trust v. Spada*, Summit App. No. 20736, 2002-Ohio-3173, 2002 WL 1376251. In *Maple Street Living Trust*, for example, the appellee filed a motion for summary judgment after a pretrial conference had been held and, therefore, after which Civ.R. 56(A) required leave of court to file such a motion on one of the properties at issue. The appellant moved to strike that portion of the motion, but did not file a response on the merits. The trial court denied the motion to strike and, at the same time, entered summary judgment in favor of the appellee as to all of the properties in question.

{¶ 33} On appeal, the Ninth District reversed. Relying on *Baker* and *Donovan*, the court found that "[w]hen a party has moved for summary judgment at a time when that motion may only be filed by leave of court, see Civ.R. 56(A) and (B), the nonmoving party must preserve his or her rights by timely filing either a motion to strike or a response to the summary judgment motion." *Maple Street Living Trust* at ¶ 11. If the nonmoving party chooses to file a timely motion to strike and the trial court then denies that motion, "the court must give the nonmoving party the opportunity to respond to the merits of the summary judgment motion." Id. Under these circumstances, the court concluded that "[c]learly, 'it would be unreasonable to require the nonmoving party to bear the expense of fully responding to an untimely motion for summary judgment when the court has not determined that it will even allow the motion.'" Id., quoting *Donovan*. Accord *Capital One Bank v. Toney*, Jefferson App. No. 06 JE 28, 2007-Ohio-1571, 2007 WL 969420 (reversing summary judgment where trial court granted judgment four days after it granted leave to file motion instanter and stating that the court's action violated Civ.R. 56(C) and *Hooten*).

{¶ 34} Here, the trial court set a February 7, 2006 deadline for filing motions for summary judgment. Because appellee filed after that deadline, leave of court was required, and appellants moved to strike on that basis. Once the court denied appellants' motion to strike and allowed appellee to file the motion instanter, the court should have given appellants the opportunity to respond to the merits of appellee's motion before deciding those merits. Otherwise, by deciding appellee's March 2007 summary judgment motion two days after it

granted appellee leave to file its motion, the municipal court contravened *Hooten* and Rule 3.04 and denied appellants their opportunity to provide a full and fair response to the merits of summary judgment.

{¶ 35} Furthermore, the court's failure to provide such an opportunity prejudiced appellants on appellee's May 2005 contract claim, given that the court found appellants in breach of that contract and that the court found appellants liable for damages on that breach. However, we find no such prejudice with respect to appellee's claim arising from the March 2005 contract because the court did not find appellants in breach or liable for damages on the March 2005 contract. See Civ.R. 61. As we noted previously, the court concluded only that appellants failed to pay for advertisements included in Issues 5 and 6, which were subject to the May 2005 contract. The court did not hold appellants liable on the March 2005 contract. Thus, the court's failure to give appellants the opportunity to respond regarding the March 2005 contract was harmless as to any claim arising from that contract.

{¶ 36} For these reasons, we overrule appellants' second assignment of error with respect to the trial court's decision on the March 2005 contract. However, we sustain appellants' second assignment of error with respect to the court's decision on the May 2005 contract.

{¶ 37} In their third assignment of error, appellants argue that the trial court erred by granting summary judgment in favor of appellee because the court ignored evidence demonstrating the existence of genuine issues of material fact for trial. However, we find appellants' third assignment of error moot as to the court's decision on the May 2005 contract claim, given that we have cause to reverse that decision under appellants' second assignment of error. See App.R. 12(A)(1)(c). We also find appellants' third assignment of error moot as to the March 2005 claim because the court did not render a judgment in favor of appellee on that contract. *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, 861 N.E.2d 546, at ¶ 11.

{¶ 38} In summary, we overrule appellants' first assignment of error, we overrule in part and sustain in part appellants' second assignment of error, and we declare appellants' third assignment of error moot. Consequently, we affirm in part and reverse in part the judgment of the Franklin County Municipal Court, and we remand this cause to that court for further proceedings consistent with this opinion and applicable law.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

BROWN and KLATT, JJ., concur.