[Cite as *Union Sav. Bank v. Schaefer*, 2013-Ohio-5704.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Union Savings Bank, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-222 |
| v. | : | (C.P.C. 11CVE-02-1469) |
| David Schaefer, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| Tracy Schaefer et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 24, 2013

*Lerner, Sampson & Rothfuss*, and *Patricia K. Block*, for appellee.

*Doucet & Associates, Inc.*, and *Troy J. Doucet*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Defendant-appellant, David Schaefer, appeals a judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Union Savings Bank. For the following reasons, we affirm in part and reverse in part.

{¶ 2} In 2009, David and Tracy Schaefer decided to refinance the loan on their home, located at 25 East Tulane Road in Columbus. David Schaefer ("Schaefer") submitted a loan application to Union Savings Bank. The application indicated that Schaefer owed Union Savings Bank $96,417 on the promissory note underlying the

mortgage then encumbering the Schaefers' home. Union Savings Bank agreed to refinance the home and lend Schaefer $98,000.

{¶ 3} At the April 27, 2009 loan closing, Schaefer signed a promissory note in the amount of $98,000. Both Schaefers executed the mortgage that secured the promissory note.

{¶ 4} On February 2, 2011, Union Savings Bank filed a foreclosure action against the Schaefers. The complaint alleged that Schaefer had defaulted on his payment obligations under the note and owed $95,997.68, plus interest, court costs, advances, and other charges.

{¶ 5} Tracy Schaefer answered the complaint and requested that the trial court refer the case to mediation.[1] The trial court granted Tracy Schaefer's request. Unfortunately, the mediation did not result in any resolution.

{¶ 6} Soon after the unsuccessful mediation, Union Savings Bank moved for summary judgment against Tracy Schaefer and default judgment against David Schaefer, who had not yet answered. Tracy Schaefer did not respond to Union Savings Bank's motion for summary judgment. The trial court ultimately awarded Union Savings Bank summary judgment on its claims against Tracy Schaefer.

{¶ 7} Unlike Tracy Schaefer, David Schaefer responded to Union Savings Bank's motion against him. Schaefer moved for leave to file an answer and counterclaim. The trial court granted Schaefer's motion and denied Union Savings Bank's motion for default judgment.

{¶ 8} In Schaefer's answer and counterclaim, Schaefer alleged that he had the right to rescind the mortgage loan under the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 et seq. Schaefer asserted that Union Savings Bank violated TILA by failing to provide him with two copies of the notice of the right to rescind at the closing. According to Schaefer, the failure to give him two copies of the rescission notice extended the period during which he could rescind from three days to three years.

{¶ 9} In a letter dated May 26, 2011, Schaefer had notified Union Savings Bank that he wished to rescind the mortgage transaction. Union Savings Bank, however, had

---

[1] Tracy and David Schaefer divorced sometime between the refinancing and filing of the foreclosure action.

refused to initiate the rescission process. Therefore, Schaefer's counterclaim asserted two violations of TILA: one arising from the failure to provide him with two copies of the notice of the right rescind, and the second arising from Union Savings Bank's failure to honor the rescission. Schaefer sought multiple TILA-based remedies, including enforcement of the rescission, actual and statutory damages, attorney fees, and costs. Additionally, Schaefer's counterclaim set forth claims for negligence and equitable estoppel, as well as claims for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et seq., the Equal Credit Opportunity Act, 15 U.S.C. 1691 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.

{¶ 10} Schaefer submitted discovery requests, including interrogatories, requests for the production of documents, and requests for admissions to Union Savings Bank. Union Savings Bank objected to almost all of the discovery requests and provided substantive responses to only some requests. Schaefer disagreed with many of Union Savings Bank's objections, and he was dissatisfied with many of Union Savings Bank's responses. In a letter dated November 16, 2011, Schaefer's attorney detailed the deficiencies that he perceived in Union Savings Bank's discovery response. The attorney for Union Savings Bank replied that his client was standing on its responses and objections, and that it would not provide any supplementary responses or documents.

{¶ 11} On January 30, 2012, the trial court referred the case for a second mediation. The next day, Schaefer moved for an order compelling Union Savings Bank to provide complete responses to the written discovery. Within a week, Schaefer moved again to compel. The second motion sought an order compelling the deposition of Union Savings Bank's corporate representative. Union Savings Bank responded to the second motion, but not the first motion. In an entry dated March 7, 2012, the trial court stated, "Seemingly, the motions to compel would be moot [due to the mediation referral][.] [B]ut for the sake of clarity, the Court DENIES the Motion[s] for the reasons explained in the Plaintiff's Memorandum in Opposition." (R. 94.)

{¶ 12} After an unsuccessful mediation, Schaefer resubmitted his motion to compel complete responses to the written discovery. The trial court never ruled on that motion.

{¶ 13} On November 14, 2012, Schaefer moved for summary judgment on his TILA claims. Union Savings Bank opposed Schaefer's motion. Additionally, Union Savings Bank moved for summary judgment on its claims and Schaefer's counterclaims. Schaefer responded to Union Savings Bank's summary judgment motion by moving to strike it. In support of his motion to strike, Schaefer pointed out that Union Savings Bank had not filed its summary judgment motion within the dispositive motion deadline, nor had it sought leave to file or to modify that deadline.[2]

{¶ 14} In a decision and entry dated March 14, 2013, the trial court denied Schaefer's motion for partial summary judgment. The trial court also denied Schaefer's motion to strike. After sua sponte granting Union Savings Bank leave to file its motion for summary judgment, the trial court considered and granted that motion.

{¶ 15} Schaefer now appeals the March 14, 2013 judgment, and he assigns the following errors:

> 1. FIRST ASSIGNMENT OF ERROR
>
> The trial court erred in granting Union Savings Bank's motion for summary judgment when the trial court found that no genuine issue of material fact existed pertaining to the inadequate number of copies of Mr. Schaefer's Notice [of] Right to Cancel given to him at the time of loan closing, as required under the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA")[.]
>
> 2. SECOND ASSIGNMENT OF ERROR
>
> The trial court erred in overruling Mr. Schaefer's motion for partial summary judgment on Counts One and Two of his counterclaims under the Truth in Lending Act insofar as the trial court failed to consider all of Mr. Schaefer's overwhelming evidence establishing that there was no genuine issue of material fact that they were not provided adequate copies of the Notice of the Right to Cancel, a material violation extending the right to rescind under the Truth in Lending Act as a matter of law.

---

[2] In a July 12, 2012 entry, the trial court ordered the parties to file dispositive motions by November 14, 2012. Union Savings Bank filed its motion for summary judgment on January 3, 2013.

### 3. THIRD ASSIGNMENT OF ERROR

The trial court erred in failing to provide Mr. Schaefer an opportunity to respond to Union Saving Bank's motion for summary judgment after granting leave to Union Savings Bank to file that motion after the dispositive [motion] deadline.

### 4. FOURTH ASSIGNMENT OF ERROR

The trial court erred in denying Mr. Schaefer's motion to compel Union Savings Bank to produce discovery.

{¶ 16} We will begin our review with Schafer's third assignment of error. By that assignment of error, Schaefer argues that the trial court erred in denying him the opportunity to respond to Union Savings Bank's motion for summary judgment after the court denied his motion to strike. We agree.

{¶ 17} The procedural history of this case mirrors that of *Cheap Escape Co., Inc. v. Tri-State Constr., L.L.C.*, 173 Ohio App.3d 683, 2007-Ohio-6185 (10th Dist.). In that case, the appellee moved for summary judgment after the dispositive motion deadline. The appellants moved to strike, arguing that the motion was untimely and not accompanied by a request for leave to exceed the time limitation for filing such a motion. The trial court denied the motion to strike, and then, only two days later, it ruled on the motion for summary judgment.

{¶ 18} On appeal, the appellants contended that the trial court erred by ruling on the motion for summary judgment without giving them an opportunity to respond to the merits of the motion. We agreed. Citing *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, ¶ 40, we stated that a trial court must afford a non-moving party time for a full and fair response before ruling on a motion for summary judgment. *Cheap Escape Co.* at ¶ 30; *accord Harbor View v. Jones*, 10th Dist. No. 10AP-356, 2010-Ohio-6533, ¶ 37 ("As applied to summary judgment, procedural due process requires that a non-moving party have an opportunity to respond before the adjudication of a motion for summary judgment."). Thus, we held that, "[o]nce the court denied appellants' motion to strike and allowed appellee to file the motion [for summary judgment], the court should have given appellants the opportunity to respond to the merits of appellee's motion before deciding those merits." *Cheap Escape Co.* at ¶ 34.

{¶ 19} Generally, a trial court's local rules designate the deadline for filing a response to a motion for summary judgment. *Hooten* at ¶ 33. In *Cheap Escape Co.*, we looked to the applicable local rule, which granted non-moving parties 14 days to file a response, and held that the appellants' response did not become due until 14 days after the trial court granted the appellee leave to file the motion for summary judgment. *Id.* at ¶ 31.

{¶ 20} Here, Local Rule 21.01 of the Franklin County Court of Common Pleas, General Division, states that "[t]he opposing counsel or party shall serve any answer brief on or before the 14th day after the date of service as set forth on the certificate of service attached to the served copy of the motion." Consequently, we conclude that the trial court should have granted Schaefer 14 days from the date of the March 14, 2013 judgment to respond to Union Savings Bank's motion for summary judgment. In simultaneously denying Schaefer's motion to strike and granting Union Savings Bank's motion for summary judgment, the trial court deprived Schaefer of his opportunity to provide a full and fair response to the merits of Union Savings Bank's motion for summary judgment. Accordingly, we sustain Schaefer's third assignment of error.

{¶ 21} Like the third assignment of error, the first assignment of error also challenges the trial court's decision to grant Union Savings Bank's motion for summary judgment. Given our ruling on the third assignment of error, we must reverse that decision. Therefore, we find that by sustaining the third assignment of error, we moot the first assignment of error.

{¶ 22} We thus turn to the second assignment of error, by which Schaefer argues that the trial court erred in denying him summary judgment on his TILA claims. We disagree.

{¶ 23} A trial court will grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a

motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 24} As set forth by Congress, TILA's purpose is "to assure a meaningful disclosure of credits terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. 1601(a). In furtherance of that purpose, TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (citing as examples of these requirements 15 U.S.C. 1631, 15 U.S.C. 1632, 15 U.S.C. 1635, and 15 U.S.C. 1638). Noncompliance with TILA's requirements subjects a creditor to statutory and actual damages. 15 U.S.C. 1640. Going beyond the right to damages, TILA also grants borrowers the right to rescind loan transactions when the loan at issue is secured by a borrower's principal dwelling. 15 U.S.C. 1635(a). Upon rescission, a borrower "is not liable for any finance or other charge, and any security interest given by the obligor * * * becomes void." 15 U.S.C. 1635(b).

{¶ 25} Normally, the borrower may only exercise his right to rescind within three business days after either the mortgage loan transaction closes or the delivery of certain information, forms, and material disclosures, whichever is later. 15 U.S.C. 1635(a). However, "[i]f the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation [of the loan transaction]." 12 C.F.R. 1026.23(a)(3)(i).

{¶ 26} Here, Schaefer's complaint asserted multiple violations of TILA and sought both enforcement of his right to rescind and damages. We will first consider whether the trial court erred in denying Schaefer summary judgment on his claim for rescission.

{¶ 27} The right to rescind does not arise from transactions which constitute "a refinancing or consolidation (with no new advances) of the principal balance then due and any accrued and unpaid finance charges of an existing extension of credit by the same

creditor secured by an interest in the same property." 15 U.S.C. 1635(e)(2). Interpreting this refinancing exemption, 12 C.F.R. 1026.23(f) provides that:

> The right to rescind does not apply to the following:
>
> * * *
>
> (2) A refinancing or consolidation by the same creditor of an extension of credit already secured by the consumer's principal dwelling. The right to rescission shall apply, however, to the extent the new amount financed exceeds the unpaid principal balance, any earned unpaid finance charge on the existing debt, and amounts attributed solely to the costs of the refinancing or consolidation.

Put more simply, "a borrower may rescind the 'new money' portion of certain 'refinancings,' but not the 'old money' portion." *In re Porter*, 961 F.2d 1066, 1074 (3d Cir.1992). The reasoning is that "it would be unfair to lenders if, simply by the expedient of seeking refinancing for the same amount, borrowers could gain the right to cancel the earlier loan." *Id.*

{¶ 28} Here, Union Savings Bank argues that Schaefer never had a right to rescind because the loan transaction at issue was a refinancing of an existing mortgage loan between it and Schaefer on the Schaefers' home. In other words, Union Savings Bank claims refuge in the refinancing exemption. Schaefer responds by correctly pointing out that Union Savings Bank never raised the refinancing exemption in the trial court. Generally, a party waives the right to raise an argument on appeal that it could have raised, but did not, in earlier proceedings. *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶ 34. Relying on the waiver doctrine, Schaefer argues that Union Savings Bank cannot assert the refinancing exemption for the first time on appeal.

{¶ 29} Union Savings Bank replies that an exception to the waiver doctrine applies here. Under that exception:

> When an issue of law that was not argued below is implicit in another issue that was argued and is presented by an appeal, [a reviewing court] may consider and resolve that implicit issue. To put it another way, if [a reviewing court] must resolve a legal issue that was not raised below in order to reach a legal issue that was raised, [a reviewing court] will do so.

*Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos.*, 67 Ohio St.3d 274, 279 (1993).

{¶ 30} Union Savings Bank argued in the trial court that Schaefer's right to rescind lasted three days, not three years. Union Savings Bank contends that this court must first determine whether the right to rescind exists at all before deciding what length of time it endured. Thus, Union Savings Bank concludes, the waiver doctrine does not preclude this court from addressing the implicit issue, i.e., the exemption issue, in order to reach issue raised, i.e., the duration issue.

{¶ 31} We need not resolve this dispute over waiver. Even if the refinancing exemption applies, it does not completely defeat Schaefer's right to rescind. As we stated above, in a refinancing, a borrower acquires the right to rescind the new-money portion of the amount of credit extended. *Porter*, 961 F.2d at 1074. Here, Schaefer's loan application for the refinancing indicates that, after subtracting the amount owed on the previous loan and costs, Schaefer received an additional $1,278.83 in financing. At the very least, therefore, Schaefer had a right to rescind this new-money portion of the loan. Moreover, Union Savings Bank had an obligation to notify Schaefer of his rescission right. *Id.* ("[W]here a 'refinancing' does involve new money, lenders must still clearly notify borrowers of their (limited) rescission rights.").

{¶ 32} As Schaefer at least had a right to a partial rescission, we must decide whether Schaefer's right to rescind expired after three days or three years. As we stated above, the three-day right to rescind expands to three years "[i]f the required notice or material disclosures are not delivered." 12 C.F.R. 1026.23(a)(3)(i). Here, the transaction at issue—the refinancing—was consummated at the closing, which occurred on April 27, 2009. If Union Savings Bank provided Schaefer with the required notice and material disclosures at the closing, then Schaefer only had three days in which to exercise his right to rescind. On the other hand, if Union Savings Bank withheld the required notice or material disclosures, then Schaefer had three years to rescind the mortgage loan. Schaefer did not attempt to rescind the loan until May 26, 2011—over two years after the closing. Therefore, the validity of the rescission depends on the three-year window applying.

{¶ 33} Schaefer contends that he is entitled to three years in which to exercise his right to rescind because Union Savings Bank did not give him two copies of the notice of the right to rescind at the closing. In his affidavit attached to his motion for summary judgment, Schaefer testified that he received only one copy, not two copies, of the rescission notice. Schaefer maintains that the delivery of only one copy of the rescission notice violates 12 C.F.R. 1026.23(b)(1), which requires a creditor to "deliver two copies of the notice of the right to rescind to each consumer entitled to rescind." This violation, Schaefer argues, means that he did not receive the required notice, so he has three years in which to exercise his right to rescind.

{¶ 34} Courts do not agree regarding the effect of the receipt of an inadequate number of rescission notices. Ohio courts have adopted the minority view that the failure to deliver two copies per consumer does not expand the time period in which to exercise the right to rescind. *Flagstar Bank, FSB v. Cintron*, 2d Dist. No. 25110, 2012-Ohio-5914, ¶ 16, 20; *Residential Funding Co., LLC v. Thorne*, 6th Dist. No. L-09-1324, 2010-Ohio-4271, ¶ 42; *ContiMortgage Corp. v. Delawder*, 4th Dist. No. 00CA28 (July 30, 2001). In adopting the minority view, courts reason that TILA does not require " 'perfect disclosure,' " but rather " 'meaningful disclosure.' " *Karakus v. Wells Fargo Bank, N.A.*, 941 F.Supp.2d 318, 335 (E.D.N.Y.2013), quoting *Turner v. Gen. Motors Acceptance Corp.*, 180 F.3d 451, 457 (2d Cir.1999) and *Gambardella v. G. Fox & Co.*, 716 F.2d 104, 118 (2d Cir.1983); *accord Kahraman v. Countrywide Home Loans, Inc.*, 886 F.Supp.2d 114, 120 (E.D.N.Y.2012); *Delawder*. These courts eschew a hypertechnical approach in favor of reasonably construing and equitably applying TILA's requirements. *Yarney v. Wells Fargo Bank, N.A.*, W.D.Va. No. 3:09-cv-00050 (Aug. 5, 2010); *Byron v. EMC Mtge. Corp.*, E.D.Va. No. 3:09-CV-197-HEH (Aug. 10, 2009).

{¶ 35} Alternatively, courts find support for the minority view by parsing the language of 12 C.F.R. 1026.23(a)(3)(i). Although 12 C.F.R. 1026.23(b)(1) requires two copies of the notice of the right to rescind, the rescission right is extended to three years only "[i]f *the required notice* or material disclosures are not delivered." (Emphasis added.) 12 C.F.R. 1026.23(a)(3)(i). "Significantly, the word 'notice' appears in the singular. Elsewhere in [12 C.F.R. Pt. 1026], the Federal Reserve Board has used the terms 'notices' or 'two copies of the notice' whenever it wished to convey that more than one

notice is required." *King v. Long Beach Mtge. Co.*, 672 F.Supp.2d 238, 250 (D.Mass.2009). Because the trigger for the three-year extension is the failure to deliver "notice," not "notices" or "two copies of the notice," provision of even one copy of the notice prevents the extension from occurring. *Id.* at 250-51, *Kassner v. Chase Home Fin., LLC*, D.Mass. No. 11-10643-RWZ (Jan. 27, 2012); *Karakus* at 335; *Cintron* at ¶ 20; *see also McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 216 (1st Cir.2012) (following the *King* court's reasoning in construing a Massachusetts statute almost identical to TILA).

{¶ 36} Whatever the rationale, courts display a fundamental reluctance to allow rescission based on a minor oversight that inflicts no damage on the consumer. *Byron*, E.D.Va. No. 3:09-CV-197-HEH ("Mindful of TILA's equitable considerations, this Court refuses to interpret TILA—an Act designed to protect consumers who are victimized by unfair credit practices—in a manner that permits a consumer who received actual notice of TILA's disclosures to profit from the lender's harmless error * * *."); *Henderson v. GMAC Mtge. Corp.*, W.D.Wash. No. C05-5781RBL (Apr. 10, 2008), fn. 5, *aff'd*, 347 Fed.Appx. 299 (9th Cir.2009) ("There is simply no support for the claim that a technical failure to provide multiple copies of a document excuses a borrower from his end of the bargain."); *accord Kahraman* at 121; *Canterbury v. J.P. Morgan Acquisition Corp.*, W.D.Va. No. 3:11-CV-00059 (July 29, 2013); *Yarney*, W.D.Va. No. 3:09-cv-00050.

{¶ 37} Whether supplied with one or two copies of the notice of the right to rescind, a consumer has the opportunity to read the notice and understand the right. The absence of a second copy of the notice does not impair a consumer's knowledge of the right or the ability to exercise of that right. Thus, the fundamental purpose of TILA—to inform the consumer—is met once the consumer has in his keeping one copy of the recession notice. *See McKenna* at 216 (holding that the purpose of the extension is to give the consumer the information needed to decide intelligently whether to cancel the loan and "one copy [of the notice] performs this function as well as two").

{¶ 38} We conclude that Schaefer's receipt of one copy of the notice of the right to rescind did not entitle him to three years in which to exercise his rescission right. The rescission period only expands to three years if a consumer receives no notice. Here, since Schaefer admits to receiving one copy of the notice, he only had three days in which to rescind his mortgage loan. As he did not do so during that period, his attempt to

rescind the mortgage loan was untimely. Consequently, the trial court did not err in refusing to enforce the attempted rescission.

{¶ 39} Moreover, because TILA did not require Union Savings Bank to proceed with the rescission, Union Savings Bank did not violate TILA by failing to do so. The trial court, therefore, did not err in denying Schaefer summary judgment on his claim that Union Savings Bank violated TILA by not honoring his rescission attempt.

{¶ 40} That leaves us with only Schaefer's claim that he is entitled to damages because Union Savings Bank violated TILA by failing to give him two copies of the notice of the right to rescind at the closing. A plaintiff bringing a claim for rescission may also sue for damages based on a creditor's failure to comply with any TILA requirement, including any requirement under 15 U.S.C. 1635, which governs the right to rescind. 15 U.S.C. 1640; 15 U.S.C. 1635(g); *accord Andrews v. Chevy Chase Bank*, 545 F.3d 570, 576 (7th Cir.2008) ("[R]escission plaintiffs may also seek damages under § 1640."); *Belini v. Washington Mut. Bank, FA*, 412 F.3d 17, 24 (1st Cir.2005) (holding that rescission "can be sought in the same action along with actual damages and the statutory penalty"). Even if failure to comply with the two-copy requirement does not give rise to a three-year extension of the right to rescind, it remains a violation of TILA. Thus, although a borrower's right to rescind may have elapsed, the borrower may still recover damages for a creditor's failure to deliver the two copies of the rescission notice. *Karakus*, 941 F.Supp.2d at 335; *King*, 672 F.Supp.2d at 251.

{¶ 41} Here, however, Schaefer's damages claim is barred by the statute of limitations. With certain inapplicable exceptions, a plaintiff must bring any claim for damages based on a violation of TILA "within one year from the date of the occurrence of the violation." 15 U.S.C. 1640(e). Here, the asserted violation occurred on April 27, 2009, when Union Savings Bank allegedly provided Schaefer with only one copy of the rescission notice at the closing. Schaefer brought his TILA claim on June 30, 2011—over a year after the alleged violation occurred. Because Schaefer did not file his claim within the one-year statute of limitations, the trial court did not err in denying him summary judgment on that claim.

{¶ 42} In sum, we conclude that summary judgment is inappropriate on all of Schaefer's TILA claims. Accordingly, we overrule Schaefer's second assignment of error.

{¶ 43} By Schaefer's fourth assignment of error, Schaefer argues that the trial court erred in not compelling Union Savings Bank to provide complete responses to Schaefer's written discovery requests. We agree.

{¶ 44} Trial courts have broad discretion over discovery matters. *State ex rel. Duncan v. Middlefield*, 120 Ohio St.3d 313, 2008-Ohio-6200, ¶ 27. Consequently, courts of appeal will only reverse discovery orders if a trial court has abused its discretion. *Id.*; *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, ¶ 13.

{¶ 45} "Parties have a right to liberal discovery of information under the Rules of Civil Procedure." *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, ¶ 9. Pursuant to Civ.R. 26(B)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." *See also Smith v. Chen*, 10th Dist. No. 12AP-1027, 2013-Ohio-4931, ¶ 13 (" 'The scope of pretrial discovery is broad and parties may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter.' ").

{¶ 46} The relevancy test under Civ.R. 26(B)(1) is more expansive than the test applicable at trial. *Covington v. MetroHealth Sys.*, 150 Ohio App.3d 558, 2002-Ohio-6629, ¶ 23 (10th Dist.). Matters are only irrelevant at the discovery stage when the information sought will not reasonably lead to the discovery of admissible evidence. *Id.*; *Dehlendorf v. Ritchey*, 10th Dist. No. 12AP-87, 2012-Ohio-5193, ¶ 20. The party resisting discovery bears the burden of demonstrating to the trial court that the requested information would not meet this standard. *Bennett v. Martin*, 186 Ohio App.3d 412, 2009-Ohio-6195, ¶ 44 (10th Dist).

{¶ 47} Here, Union Savings Bank "does not dispute for the most part" that Schaefer's discovery requests "all concerned relevant evidence." Appellee's brief, at 41. Union Savings Bank, instead, contends that it should not be compelled to fully answer Schaefer's discovery requests because Schaefer conducted discovery in a "harassing manner." *Id.* As evidence of this harassment, Union Savings Bank points to the attempts Schaefer's attorney made to depose the bank's corporate representative and the so-called inflammatory language used in Schaefer's second motion to compel. As further evidence, Union Savings Bank refers to a footnote in Schaefer's brief, which states that, while in chambers, the trial judge stated that Schaefer was harassing the bank.

{¶ 48} This case illustrates the difficulty inherent in any review of a trial court's discovery rulings. Very little, if any, evidence of harassment appears in the record. Certainly, the record does not demonstrate a level of harassment that would allow Union Savings Bank to avoid answering discovery requests that the bank concedes seek relevant information. While off-the-record deeds and discussions may have influenced the trial court's judgment, the very absence of those deeds and discussions from the record means that we cannot factor them into our review.

{¶ 49} Moreover, our review is hampered by Union Savings Bank's failure to respond to Schaefer's motion to compel responses to the written discovery requests. We are left with bare objections unsupported by any explanation. Although Union Savings Bank may have provided explanations in a court conference, those explanations went unrecorded and, thus, we do not have access to them.

{¶ 50} Despite the deficiencies that impede our review, we now consider the four categories of discovery requests that Schaefer contends Union Savings Bank should be compelled to answer. Initially, we find the requests in the first category, which relate to Schaefer's TILA claims, are moot. Given our ruling on the second assignment of error, Schaefer cannot legally prevail on those claims.

{¶ 51} After reviewing the second category, which includes requests related to standing, we conclude that interrogatory Nos. 10, 11, 13, and 14 request relevant information regarding whether Union Savings Bank is a holder of the note. Union Savings Bank's assertion that it is a holder is a legal conclusion; Schaefer is entitled to seek discovery of the facts that prove or disprove that legal conclusion. The trial court, therefore, should have compelled Union Savings Bank to completely answer those interrogatories.[3]

{¶ 52} With regard to the remaining discovery requests in the second category, we are not persuaded that they seek relevant information. Both requests seek information regarding who is the "owner" of the note. The ability to enforce a note, however, does not

---

[3] We note that Union Savings Bank directed Schaefer to review the promissory note for the answer to two of these interrogatories. Civ.R. 33(C) permits such a practice where the answer may be ascertained from business records served on the requesting party and the burden of ascertaining the information is substantially the same for both parties. Here, however, nothing in the promissory note answers the two interrogatories. Accordingly, Union Savings Bank may not merely point to the note in answer to the interrogatories.

turn on an entity's status as owner of the note.  *U.S. Bank Nat'l Assn. v. Mitchell*, 6th Dist. No. S-10-043, 2012-Ohio-3732, ¶ 16.

{¶ 53} The third category consists of a single request for admission, in which Schaefer asks Union Savings Bank to admit that part of the bank's losses associated with this litigation will be paid by or through some insurance policy.  Schaefer correctly points out that Civ.R. 26(B)(2) allows "discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment."  Civ.R. 26(B)(2), however, does not mandate a response in this case.  The scope of Schaefer's request for admission seeks information about more than just liability insurance, so it is overbroad.

{¶ 54} The fourth category includes two requests for production.  Request for production No. 26 seeks any return receipts from documents or letters sent to Schaefer by certified or registered mail.  Schaefer claims that the return receipts are relevant to whether Union Savings Bank fulfilled conditions precedent to seeking foreclosure.  In its response to this request for production, Union Savings Bank objected and refused to answer on the basis that the request is vague, overbroad, unduly burdensome, and irrelevant.  However, Union Savings Bank provides no explanation for these objections, and we can discern no ground for these objections upon review.  The trial court, therefore, should have compelled Union Savings Bank to provide the documents responsive to request for production No. 26.

{¶ 55} Request for production No. 23 seeks documents, such as bills and invoices, that represent charges added to Schaefer's loan balance for items such as insurance and taxes.  Union Savings Bank replied that it had enclosed all responsive documents with its written answers to the requests for production.  Nothing in the record suggests that Union Savings Bank did not provide Schaefer with the requested documents.  A court need not compel the production of documents already produced.

{¶ 56} In sum, we conclude that the trial court erred in denying Schaefer's motion to compel answers to interrogatories Nos. 10, 11, 13, and 14, as well as request for production No. 26.  In all other respects, the trial court properly denied Schaefer's

motion.  Accordingly, we sustain in part and overrule in part Schaefer's fourth assignment of error.

{¶ 57} For the foregoing reasons, we find the first assignment of error moot, overrule the second assignment of error, sustain the third assignment of error, and sustain in part and overrule in part the fourth assignment of error.  We affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas, and we remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment affirmed in part and reversed in part;*
*cause remanded.*

**TYACK and CONNOR, JJ., concur.**

_____