[Cite as *Credit Corp. Solutions, Inc. v. Rivas*, 2024-Ohio-4772.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Credit Corp Solutions, Inc., | : | |
| Plaintiff-Appellee, | : | |
| | | No. 24AP-133 |
| v. | : | (M.C. No. 2023CVF-008806) |
| Rhonda Rivas, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 1, 2024

**On brief:** *Rhonda Rivas*, pro se. **Argued:** *Rhonda Rivas.*

APPEAL from the Franklin County Municipal Court

BOGGS, J.

{¶ 1} Defendant-appellant, Rhonda Rivas, appeals the judgment of the Franklin County Municipal Court, which entered summary judgment in favor of plaintiff-appellee, Credit Corp Solutions, Inc. ("Credit Corp"), and later refused to vacate that judgment, in this action to collect on an account. For the following reasons, we reverse the trial court's judgment and remand the matter to the trial court for further proceedings.

{¶ 2} Credit Corp filed this action against Rivas in the Franklin County Municipal Court. It asserted two claims, one for nonpayment on an account and one for unjust enrichment. As to both claims, Credit Corp alleged that it is the assignee of a credit card account opened by Rivas and formerly held by Citibank, NA. Credit Corp alleged that Rivas used the account but made her last payment on or about June 8, 2018, that Rivas defaulted on her repayment obligation, and that it is entitled to recover the unpaid balance of $1916.54. In its second count, Credit Corp alleged that Rivas was unjustly enriched in the amount of the outstanding balance on her account. Attached to the complaint is an October

2018 billing statement for a Goodyear credit card in Rivas's name, showing a balance of $1916.54.

{¶ 3} Rivas responded to the complaint and requested additional information from Credit Corp about the alleged debt. She subsequently filed a Civ.R. 12(B)(6) motion to dismiss and an "addendum" to that motion, which the trial court denied. The parties unsuccessfully engaged in mediation. A pretrial memorandum filed September 1, 2023 required that the parties provide discovery by September 15, 2023 and exchange trial notebooks by November 30, 2023. It stated that the case was set for a bench trial on December 7, 2023.

{¶ 4} On September 26, 2023, Rivas filed a motion for summary judgment, in which she argued that Credit Corp could not produce a signed contract demonstrating that Rivas opened the account in question. She also asserted that the account is not hers, that she was part of a 2017 Equifax data breach, and that she is pursuing recourse for identify theft.

{¶ 5} On November 6, 2023, the trial court granted Credit Corp leave to file its motion for summary judgment instanter. Two days later, on November 8, 2023, the trial court signed and filed a judgment entry prepared by Credit Corps counsel, granting Credit Corp's motion for summary judgment, and entering judgment against Rivas in the amount of $1916.54, plus interest at the rate of 5 percent per annum from the date of judgment, prejudgment costs of $123, and post judgment costs.

{¶ 6} On December 1, 2023, Rivas filed "Defendant's Notice of Compliance and Filing of Documents." The filed documents include documents confirming Rivas's involvement in the Equifax data breach, a 2013 report to the Marion County Sheriff's Office of fraudulent activity on her debit card, a 2023 report to the Columbus Police Department of identity theft, an identity theft report to the Federal Trade Commission, dated October 4, 2023, and a completed and signed Identity Theft Notification and Affidavit form from the Ohio Attorney General, Consumer Protection Section, which she purportedly filed in October 2023.

{¶ 7} On December 4, 2023, Rivas filed a document captioned, "Objection to the Judge's Decision," in which she moved the trial court to set aside its November 8, 2023 judgment entry. Rivas argued that the trial court inappropriately ruled on Credit Corp's motion for summary judgment before the exhibit submission date of November 30, 2023

and that she had sent to opposing counsel documents regarding her claim of identity theft within the time required by the court. She stated that she had spoken with Credit Corp's legal counsel, who had assured her they had received the requested documents and that they were reviewing her claim of identity theft. The trial court overruled Rivas's objection on January 19, 2024, in an entry which stated, "This is a final, appealable order," and which directed the Municipal Court Clerk to serve notice upon all the parties. (Jan. 19, 2024 Entry.)

{¶ 8} In her appeal to this court, Rivas's single assignment of error states:

> The Franklin [County] Municipal Court erred by not properly reviewing all defendant's exhibits of proof for Identity Theft in the case. [T]he court abused its discretion in dismissing [Rivas's] action without allowing [her] the assigned court date on December 7, 2023. The defendant was not given due justice to plead [her] case in defense of the wrongful suit against [her] concerning a fraudulent credit card account opened in [her] name and credit information by means of Identity Theft.

(Appellant's Brief at 11.) Although Rivas's assignment is less than clear and erroneously refers to a dismissal of an action filed by Rivas, Rivas clearly maintains that the trial court erred by granting summary judgment in favor of Credit Corp, and we rephrase the assignment of error in that manner for clarity.

{¶ 9} An appellate court reviews an entry of summary judgment de novo, governed by the standards of Civ.R. 56. *Bliss v. Manville*, 172 Ohio St.3d 367, 2022-Ohio-4366, ¶ 12. " 'Civ.R. 56(C) provides that summary judgment shall be granted when the filings in the action, including depositions and affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Id.*, quoting *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220. Pursuant to Civ.R. 56(C), "[r]esponsive arguments, together with all affidavits and other materials in opposition * * * may be served as provided by Civ.R. 6(C)."

{¶ 10} Civ.R. 6(C)(1) states, "Responses to motions for summary judgment may be served within twenty-eight days after service of the motion." Further, Civ.R. 6(D) provides, "Whenever a party has the right or is required to do some act * * * within a prescribed period after the service of a notice or other document upon that party and the notice or paper is served upon that party by mail or commercial carrier service under Civ.R. 5(B)(2)(c) or (d), three days shall be added to the prescribed period." The trial court deemed Credit Corp's

motion for summary judgment filed instanter on November 6, 2023. Thus, applying Civ.R. 6(C)(1) and (C), Rivas had until December 7, 2023 to file a memorandum in opposition to that motion. Yet before the expiration of the Civ.R. 6 response period the trial court granted the motion for summary judgment on November 8, 2023, only two days after it was filed. Within the prescribed response period, but after the court's judgment, Rivas filed both her "Notice of Compliance and Filing of Documents" regarding her claim of identity theft, and her denial of knowledge of the subject account, and her objection to and motion to set aside the trial court's judgment entry.

{¶ 11} " 'Before ruling on a summary judgment motion, a court must allow time for a full and fair response from the nonmoving party.' " *Equable Ascent Fin., LLC v. Barnes*, 10th Dist. No. 11AP-586, 2012-Ohio-1219, ¶ 4, quoting *Cheap Escape Co., Inc. v. Tri-State Constr., L.L.C.*, 173 Ohio App.3d 683, 2007-Ohio-6185, ¶ 30 (10th Dist.), citing *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, ¶ 40. Failure to do so implicates the nonmoving party's due process rights and constitutes reversible error. *Green Tree Servicing LLC v. Graul*, 10th Dist. No. 15AP-761, 2016-Ohio-4641, ¶ 11, citing *Union Sav. Bank v. Schaefer*, 10th Dist. No. 13AP-222, 2013-Ohio-5704, ¶ 18-20; *Equable Ascent Fin., LLC.* at ¶ 7, citing *Bombardier Capital, Inc. v. W.W. Cycles, Inc.*, 155 Ohio App.3d 484, 2003-Ohio-6716, ¶ 35 (7th Dist.) ("it is reversible error for the trial court to render summary judgment against the [non-moving] party prior to the cutoff date without providing some further notice or procedural safeguards to protect the parties"). Here, the trial court committed reversible error when it granted Credit Corp's motion for summary judgment without allowing Rivas the time required under Civ.R. 6(C)(1) and (D) to respond.

{¶ 12} Accordingly, we sustain Rivas's assignment of error as rephrased by this court, and we reverse the trial court's entry of judgment in favor of Credit Corp. We further remand this matter to the Franklin County Municipal Court to afford Rivas the opportunity to respond to Credit Corp's motion for summary judgment and for further proceedings consistent with this decision and the law.

*Judgment reversed,*
*and cause remanded.*

MENTEL, P.J. and DORRIAN, J., concur.